IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA SOPPET, on behalf of plaintiff and the class defined below, | ) ) ) ) | |
| Plaintiff, | ) ) | 10-cv-5469 |
| vs. | ) ) | Judge Kennelly |
| ENHANCED RECOVERY CORPORATION, | ) ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Teresa Soppet brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Enhanced Recovery Corporation. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.      The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendant's collection communications were received by plaintiff within this District;

    b.      Defendant transacts business within this District.

### PARTIES

5.      Plaintiff Teresa Soppet is an individual who resides in the Northern District of Illinois.

6.      Defendant Enhanced Recovery Corporation is a Delaware corporation with an office at 1422 E. 71st Street, Tulsa, Oklahoma 74136. It does business in Illinois. Its

registered agent and office are LexisNexis Document Solutions, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Enhanced Recovery Corporation is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8. Defendant has been attempting to collect from someone named Dupree Riley an alleged debt.

9. During July 2010, plaintiff received a series of automated telephone messages on her cell phone. The messages were as follows:

> **Hello this message is for Dupree Riley, if you're not this person delete this message as this is not for you. This is Chelsey with Enhanced Recovery Corporation, we are a collection agency attempting to collect a debt and any information obtained will be used to that purpose. Please contact me about this business matter at 800-496-8916 and provide the following reference number 21396266, goodbye.**

10. The 800-496-8916 number is issued to defendant.

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

12. Plaintiff did not authorize the automated placement of calls to her cell phone.

13. Plaintiff did not furnish her cell phone number to defendant.

14. Plaintiff and each class member is entitled to statutory damages.

15. Defendants violated the TCPA even if their actions were only negligent.

16. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

17. Plaintiff incorporates paragraphs 1-16.

2

18. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

19. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

21. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

with cellular telephone numbers in the area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872 (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls to their cellular telephone from defendant (d) where defendant's records do not show that the person provided the cellular telephone number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

22. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

23. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

   b. The manner in which defendants obtained the cell phone numbers numbers;

   c. Whether defendants thereby violated the TCPA;

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

25. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

26. Several courts have certified class actions under the TCPA. Sadowski v.

Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

   27. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages;

    (2) An injunction against further violations;

    (3) Costs of suit;

    (4) Such other or further relief as the Court deems just and proper.

      s/Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene

5

EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                              s/Daniel A.Edelman
                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24809\Pleading\First Amended Complaint_Pleading.wpd

## CERTIFICATE OF SERVICE

      I, Daniel A. Edelman, hereby certify that on October 4, 2010, I caused to be filed the foregoing documents with the Clerk of the Court using the CM/ECF System and that I caused to sent a true and accurate copy of such filing to the following party via electronic mail:

Peter E. Nicandri

pnicandri@milamhoward.com

                              s/Daniel A. Edelman
                              Daniel A. Edelman