**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TERESA SOPPET and LOIDY TANG,** | ) | |
| **individually and on behalf of a class,** | ) | **Case No. 1:10-cv-05469** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Kennelly** |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| **ENHANCED RECOVERY COMPANY, LLC,** | ) | |
| **as successor to ENHANCED RECOVERY** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

NOW COMES defendant, Enhanced Recovery Company, LLC, f/k/a Enhanced Recovery

Corporation ("ERC"), through counsel, and pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, who

files this Statement of Uncontested Material Facts. ERC respectfully requests the Court consider

the following:

1.       ERC is a national debt collection company.[1]  AT&T retained ERC to collect two

separate debts.[2]

2.       The first debt was owed by "Dupree Riley" to AT&T.[3]

3.       The second debt was owed by "Sherita Morgan" to AT&T.[4]

4.       In July 2005, Mr. Riley opened an account with AT&T to obtain residential

telephone service.[5]  At that time, Mr. Riley provided telephone number 708-xxx-2583 as a

---

[1] Exhibit A, Affidavit of M. Thompson, at ¶ 3.
[2] Id. at ¶ 4; Exhibit B, Affidavit of E. Hill, at ¶¶ 3-5.
[3] Id.
[4] Id.
[5] Exhibit B, Hill Aff., at ¶ 3.

1

contact number at which he could be called.[6]  When AT&T placed the Riley account with ERC in August 2009, AT&T identified the 2583 number as Mr. Riley's "home number."[7]

5.      In October 2006, Ms. Morgan opened an account with AT&T to obtain residential telephone service.[8]  At that time, Ms. Morgan provided telephone number 773-xxx-8483 as a contact number at which she could be called.[9]  When AT&T placed the Morgan account with ERC in August 2009, AT&T identified the 8483 number as Ms. Morgan's "home number."[10]

6.      In an attempt to collect an AT&T debt owed by "Dupree Riley," ERC called Mr. Riley at telephone number 708-xxx-2583.[11]  ERC was unaware that the 2583 number was a cell number until this lawsuit was filed.[12]

7.      In an attempt to collect an AT&T debt owed by "Sherita Morgan," ERC called Ms. Morgan at telephone number 773-xxx-8483.[13]  ERC was unaware that the 8483 number was a cell number until this lawsuit was filed.[14]

8.      On April 5, 2011, plaintiffs, Teresa Soppet and Loidy Tang, filed a consolidated class action complaint against ERC.[15]  Plaintiffs allege ERC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[16]  Specifically, Plaintiffs allege ERC violated the TCPA cell phone provision, *i.e.*, 47 U.S.C. § 227(b)(1)(A)(iii), by calling their respective cell phones.[17]

---

[6] Id.
[7] Id. at ¶ 5; Exhibit A, Thompson Aff., at ¶ 5.
[8] Exhibit B, Hill Aff., at ¶ 4.
[9] Id.
[10] Id. at ¶ 5; Exhibit A, Thompson Aff., at ¶ 6.
[11] Exhibit A, Thompson Aff., at ¶ 7.
[12] Id.
[13] Id. at ¶ 8.
[14] Id.
[15] Docket No. 46.
[16] Id.
[17] Id. at ¶¶ 53 & 57.

9. Soppet contends she was the owner of the 708-xxx-2583 number when ERC began calling and the number is a cellular telephone number.[18]

10. Tang contends she was the owner of the 773-xxx-8483 number when ERC began calling and the number is a cellular telephone number.[19]

11. Plaintiffs were *not* the intended recipients of ERC's calls.[20] All of ERC's calls to telephone number 708-xxx-2583 were intended for and directed to Mr. Riley.[21] All of ERC's calls to telephone number 773-xxx-8483 were intended for and directed to Ms. Morgan.[22]

12. In September 2010, Tang contacted ERC and requested the company stop calling 773-xxx-8483 for "Sherita Morgan."[23] ERC did *not* call the 8483 number again after Tang's request.[24]

13. Soppet never requested in writing or verbally that ERC stop calling 708-xxx-2583.[25]

---

[18] Id. at ¶ 9.
[19] Id. at ¶ 25.
[20] Id. at ¶¶ 10-13, 18, & 28-29; Exhibit A, Thompson Aff., at ¶¶ 7-10.
[21] Exhibit A, Thompson Aff., at ¶ 9; Exhibit C, Soppet's Ans. to Req. for Admission, Ans. to Nos. 17, pp. 3-4, & 18, p. 4.
[22] Exhibit A, Thompson Aff., at ¶ 10; Docket No. 46, at ¶ 28; Exhibit D, Tang's Ans. to Req. for Admission, Ans. to No. 4, p. 2.
[23] Exhibit A, Thompson Aff., at ¶ 11.
[24] Id.
[25] Id. at ¶ 12.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Enhanced Recovery Company, LLC,
f/k/a Enhanced Recovery Corporation

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 Enhanced Monroe Street, Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for Enhanced Recovery
Company, LLC, f/k/a Enhanced Recovery Corporation

## CERTIFICATE OF SERVICE

I certify that on this 18th day of April 2011 a copy of the foregoing **Statement of Uncontested Material Facts** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: 312-729-5288
Facsimile: 312-729-5289
aburke@burkelawllc.com

Curtis Charles Warner
WARNER LAW FIRM, LLC
155 N. Michigan Ave., Suite 560
Chicago, IL 60601
Telephone: 312-238-9820
Facsimile: 312-638-9139
cwarner@warnerlawllc.com

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: 312-739-4200
Facsimile: 312-419-0379
courtecl@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
fgreene@edcombs.com

/s/ James K. Schultz
Attorney for Enhanced Recovery Company, LLC,
f/k/a Enhanced Recovery Corporation

\\sfnfs02\prolawdocs\9764\9764-27113\Soppet, Teresa\404609.doc

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA SOPPET and LOIDY TANG, individually and on behalf of a class, | ) ) ) | Case No. 1:10-cv-05469 |
| Plaintiffs, | ) ) | Judge Kennelly |
| -vs- | ) ) | |
| ENHANCED RECOVERY COMPANY, LLC, as successor to ENHANCED RECOVERY CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT OF MARK A. THOMPSON

NOW COMES the affiant, Mark A. Thompson, being first duly sworn upon oath under the penalty of perjury under the laws of the State of Florida, and testifies that the following is true and correct to the best of his knowledge and belief:

1.     My name is Mark A. Thompson and I am employed by Enhanced Recovery Company, LLC, f/k/a Enhanced Recovery Corporation ("ERC"), as its Co-Chief Executive Officer. I have been an ERC Chief Executive Officer since 1999.

2.     As ERC's Co-Chief Executive Officer, I am generally responsible for managing all corporate-related functions. Through my job responsibilities, I have access to the collection records, business records, and other electronic materials maintained in the ordinary course of business relating to collection of accounts by ERC. As such, I have personal knowledge of the facts stated herein. I have also reviewed the allegations in the above-captioned lawsuit and I am familiar with the claims.

3.     ERC is a national debt collection company. ERC is *not* a telemarketer and ERC

1

does *not* use automated calling or messaging technology to advertise or solicit business.

4. I have reviewed ERC's account records and have independently confirmed the following. AT&T retained ERC to collect two separate debts. The first debt was owed by "Dupree Riley" to AT&T. The second debt was owed by "Sherita Morgan" to AT&T.

5. When AT&T placed the Riley account with ERC in August 2009, AT&T identified telephone number 708-xxx-2583 as Mr. Riley's "home number."

6. When AT&T placed the Morgan account with ERC in August 2009, AT&T identified telephone number 773-xxx-8483 as Ms. Morgan's "home number."

7. In an attempt to collect the AT&T debt owed by "Dupree Riley," ERC called Mr. Riley at telephone number 708-xxx-2583. ERC was unaware that the 2583 number was a cell number until this lawsuit was filed.

8. In an attempt to collect the AT&T debt owed by "Sherita Morgan," ERC called Ms. Morgan at telephone number 773-xxx-8483. ERC was unaware that the 8483 number was a cell number until this lawsuit was filed.

9. All of ERC's calls to telephone number 708-xxx-2583 were intended for and directed to Mr. Riley.

10. All of ERC's calls to telephone number 773-xxx-8483 were intended for and directed to Ms. Morgan.

11. In September 2010, Tang contacted ERC and requested the company stop calling 773-xxx-8483 for "Sherita Morgan." ERC did *not* call the 8483 number again after Tang's request.

12. Soppet never requested in writing or verbally that ERC stop calling 708-xxx-2583.

2

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Mark A. Thompson

STATE OF FLORIDA      )
                             ) ss.

COUNTY OF DUVAL    )

     I certify that I know or have satisfactory evidence that Mark A. Thompson is the individual who personally appeared before me, and said individual acknowledged that he signed this instrument as his free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: _4-18-11_

Print Name:_____

NOTARY PUBLIC

> TAMMI MARIE HATFIELD
> MY COMMISSION # DD 922206
> EXPIRES: January 2, 2014
> Bonded Thru Notary Public Underwriters

"s:fs\s02\prolawdocs\9441\9441-2723...

3

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA SOPPET and LOIDY TANG, individually and on behalf of a class, | ) ) ) | Case No. 1:10-cv-05469 |
| Plaintiffs, | ) ) | Judge Kennelly |
| -vs- | ) ) ) | |
| ENHANCED RECOVERY COMPANY, LLC, as successor to ENHANCED RECOVERY CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT OF ERIN E. HILL

NOW COMES the affiant, Erin E. Hill, being first duly sworn upon oath under the penalty of perjury under the laws of the State of Arizona, and testifies that the following is true and correct to the best of her knowledge and belief:

1.      My name is Erin E. Hill.  I am an M&P Process Manager (Methods and Procedures Manager) for AT&T Services, Inc., a subsidiary of AT&T, Inc. ("AT&T").  I have been with the company for over 21 years and have held my current position since 2008.

2.      In my position as an M&P Process Manager for AT&T, I have access to AT&T's files and records of commercial and consumer telecommunications accounts maintained in the ordinary course of business, including records reflecting the creation, billing, and servicing of AT&T commercial and consumer telecommunications accounts.  I also have knowledge regarding the placement of such accounts for collection with collection agencies.  I am authorized and competent to give this affidavit.

3.      In July 2005, "Dupree Riley" opened an account with AT&T to obtain residential

1

telephone service. At that time, Mr. Riley provided telephone number 708-xxx-2583 as a contact number at which he could be called.

4.      In October 2006, "Sherita Morgan" opened an account with AT&T to obtain residential telephone service. At that time, Ms. Morgan provided telephone number 773-xxx-8483 as a contact number at which she could be called.

5.      In August 2009, AT&T placed the Riley and Morgan accounts with Enhanced Recovery Company, LLC, f/k/a Enhanced Recovery Corporation, for collection. AT&T identified telephone number 708-xxx-2583 as Mr. Riley's "home number." AT&T identified telephone number 773-xxx-8483 as Ms. Morgan's "home number."

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Erin E. Hill

STATE OF ARIZONA          )
                          )  ss.
COUNTY OF MARICOPA        )

I certify that I know or have satisfactory evidence that Erin E. Hill is the individual who personally appeared before me, and said individual acknowledged that he signed this instrument as his free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: 4/18/2011

_____
Print Name: _____
                NOTARY PUBLIC

JONATAN MENDEZ
Notary Public - Arizona
Maricopa County
My Commission Expires
June 8, 2014

\\fnfs02\prolawdocs\9764\9764-27113\Soppet, Teresa\404N98.doc

2

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERESA SOPPET,<br>on behalf of plaintiff and the class defined<br>below, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 10-cv-5469 |
| | ) | |
| vs. | ) | Judge Kennelly |
| | ) | |
| ENHANCED RECOVERY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a<br>class, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 10-cv-6501 |
| | ) | (consolidated with 10-cv-5469) |
| vs. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF TERESA SOPPET'S ANSWERS TO DEFENDANT ENHANCED RECOVERY CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Teresa Soppet ("Ms. Soppet" or "Plaintiff") hereby responds to the first set of requests for

admission of Defendant Enhanced Recovery Corporation, n/k/a Enhanced Recovery Company,

LLC ("ERC" or "Defendant") as follows:

### REQUEST FOR ADMISSIONS

1.      Admit that you have cellular phone service for the number 708-228-2583.

**ANSWER:**    Admitted.

1

2.    Admit that 708-228-2583 is the number that you allege was being unlawfully called by ERC.

**ANSWER:**    Admitted.

3.    Admit that you do not pay for the cellular service you receive at 708-228-2583.

**ANSWER:**    Denied.

4.    Admit that any messages that were left at 708-228-2583 by ERC were left for Dupree Riley.

**ANSWER:**    Admitted.

5.    Admit that you first received a message on the 708-228-2583 number from ERC on or about January 29, 2010.

**ANSWER:**    Admitted that ERC first called Plaintiff on January 29, 2010; after reasonable inquiry, the information known to Plaintiff or that she can readily obtain is insufficient to enable her to admit or deny that ERC left a message on January 29, 2010.

6.    Admit that the message you received on January 29, 2010 from ERC at 708-228-2583 identified the intended recipient of the call as Dupree Riley.

**ANSWER:**    After reasonable inquiry, the information known to Plaintiff or that she can readily obtain is insufficient to enable her to admit or deny that ERC left a message on January 29, 2010 and that message identified the intended recipient of the call as Dupree Riley.

7.    Admit that you never returned the call from ERC in response to the message of January 29, 2010 to advise ERC that they had not reached Dupree Riley.

**ANSWER:**    Admitted.

8.    Admit that after January 29, 2010, you received additional messages from ERC at 708-228-2583.

**ANSWER:**    Admitted.

9.    Admit that none of the messages left by ERC since January 29, 2010 at 708-228-2583 were for you.

2

**ANSWER:**    Admitted.

10.    Admit that none of the messages left by ERC since January 29, 2010 at 708-228-2583 stated they were for you.

**ANSWER:**    Admitted.

11.    Admit that all of the messages left by ERC since January 29, 2010 at 708-228-2583 stated they were for Dupree Riley.

**ANSWER:**    After reasonable inquiry, the information known to Plaintiff or that she can readily obtain is insufficient to enable her to admit or deny this Request. Admitted that the messages left by ERC that Plaintiff did hear stated that they were for Dupree Riley.

12.    Admit that at least one of the messages left by ERC since January 29, 2010 at 708-228-2583 stated they were for Dupree Riley.

**ANSWER:**    Admitted.

13.    Admit that you never returned a call from ERC in response to a message left at 708-228-2583.

**ANSWER:**    Admitted.

14.    Admit that you never called ERC since January 29, 2010 to advise ERC that the number being called at 708-228-2583 was not associated with Dupree Riley.

**ANSWER:**    Admitted.

15.    Admit that you never called ERC since January 29, 2010 to advise ERC that the number being called at 708-228-2583 was not associated with Dupree Riley.

**ANSWER:**    Admitted.

16.    Admit that you were not the person that ERC was calling at 708-228-2583.

**ANSWER:**    Plaintiff objects that this Request is vague and ambiguous. Admitted that ERC's messages were not intended for Plaintiff; denied that ERC was not intending to call 708-228-2583.

17.    Admit that ERC was attempting to reach Dupree Riley when it called 708-228-2583.

3

**ANSWER:**   Admitted.

18.     Admit that you were not the intended recipient of the calls from ERC.

**ANSWER:**   Admitted.


Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on March 11, 2011, I caused a true and accurate copy of **PLAINTIFF'S ANSWERS TO DEFENDANT ENHANCED RECOVERY CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION** to be served via electronic mail upon the following party:

James K. Schultz
Sessions, Fishman, Nathan & Israel, LLP
55 West Monroe
Suite 1120
Chicago, IL  60603
jschultz@sessions-law.biz


Francis R. Greene

## VERIFICATION

I, Teresa Soppet, certify under penalty of perjury as provided for by 28 U.S.C. 1746 that the foregoing answers to defendant Enhanced Recovery Corporation's First Set of Requests for Admission are true to the best of my knowledge and belief.

Teresa Soppet

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA SOPPET, | ) | 10 C 5469 |
| on behalf of plaintiff and the class defined below, | ) | |
| | ) | Judge Kennelly |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| | ) | |
| ENHANCED RECOVERY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

------------------------------------------------------------

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of | ) | 10 C 6501 |
| a class | ) | |
| | ) | (Consolidated) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TANG'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S DISCOVERY REQUESTS**

**I.     REQUESTS FOR ADMISSION**

1.     Admit that you have a cellular phone service for the number 773-507-8483.
**ANSWER:** Admitted.

2.     Admit that 773-507-8485 is the number that you allege was being unlawfully called by ERC.
**ANSWER:** Admitted.

3.     Admit that you do not pay for the cellular service you receive at 773-507-8483.
**ANSWER:** Denied.

3. [4.] Admit that any message that were left at 773-507-8483 by ERC were left for Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Admitted to the extent that the voice message states that it was for Sherita Morgan, and denied to the extent that ERC knew it could be leaving a message for a person other than Sherita Morgan. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

4. [5.] Admit that you first received a message on the 773-507-8483 number from ERC on or about February 6, 2010.

**ANSWER:** To the best of plaintiff's knowledge, admitted.

5. [6.] Admit that the message you received on February 6, 2010 from ERC at 773-507-8483 identified the intended recipient of the call as Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Plaintiff lacks information to admit or deny the request in request number 5. [6.]. However, all of the other messages ERC played were at least partially directed to plaintiff, and instructed her to delete the message.

6. [7.] Admit that you never returned the call from ERC in response to the message of February 6, 2010 to advise ERC that they had not reached Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Denied. Plaintiff called ERC and asked that it stop calling her after February 6, 2010.

7. [8.] Admit that after February 6, 2010, you received additional messages from ERC at 773-507-8483.

**ANSWER:** Admit.

8. [9.] Admit that none of the message left by ERC since February 6, 2010 at 773-507-8483 were for you.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Denied. Although messages may have mentioned some other person's name, they all were directed to plaintiff at 773-507-8483, because that is plaintiff's cell phone number. She is the called party. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message..

9. [10.] Admit that none of the message left by ERC since February 6, 2010 at 773-507-8483 were for you.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Denied. Although messages may have mentioned some other person's name, they all were directed to plaintiff at 773-507-8483, because that is plaintiff's phone number.

Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

10. [11.]    Admit that all of the message left by ERC since February 6, 2010 at 773-507-8483 stated that they were for Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Admitted in part and denied in part. Denied because all messages were left on plaintiff's voice mail, rather than on Sherita Morgan's voice mail, and because the messages included a portion that contemplated someone other than Sherita Morgan. Admitted that the messages themselves stated that the message was for Sherita Morgan. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

11. [12.]    Admit that at least one of the messages left by ERC since February 6, 2010 at 773-507-8483 stated that they were for Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Admitted in part and denied in part. Denied because all messages were left on plaintiff's voice mail, rather than on Sherita Morgan's voice mail. Admitted that the messages themselves stated that the message was for Sherita Morgan. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

Admit that all of the message left by ERC since February 6, 2010 at 773-507-8483 stated that they were for Sherita Morgan.

**ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Admitted in part and denied in part. Denied because all messages were left on plaintiff's voice mail, rather than on Sherita Morgan's voice mail. Admitted that the messages themselves stated that the message was for Sherita Morgan. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

12. [13.]    Admit that you never returned a call from ERC in response to a message left at 773-507-8483.

**ANSWER:** Denied.

13. [14.] Admit that you never called ERC after February 6, 2010 to advise ERC that the number being called at 773-507-8483 was not associated with Sherita Morgan.

**ANSWER:** Denied.

14. [15.]    Admit that you never called ERC after February 6, 2010 to advise ERC that the number being called at 773-507-8483 was not associated with Sherita Morgan.

**ANSWER:** Denied.

15. [16.] Admit that you were not the person ERC was calling at 773-507-8483.
    **ANSWER:** Denied.

16. [17.]    Admit that ERC was attempting to reach Sherita Morgan when it called 773-507-8483.
    **ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Denied. Although messages may have mentioned some other person's name, they all were directed to plaintiff at 773-507-8483, because that is plaintiff's phone number. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

17. [18.]    Admit that you were not the intended recipient of the calls from ERC.
    **ANSWER:** Plaintiff objects to this request for admission as it is neither relevant nor likely to lead to admissible evidence. Subject to the objection, Denied. Although messages may have mentioned some other person's name, they all were directed to plaintiff at 773-507-8483, because that is plaintiff's phone number. Plaintiff was the called party. Further, a portion of each prerecorded message spoke directly to plaintiff, and instructed her to delete the message.

## II.    INTERROGATORIES

1.    Identify each and every person who provided any information in connection with answers to these Requests for Admission, Interrogatories and Requests for Production of Documents served contemporaneously with these Interrogatories.
    **Objection to Interrogatory No. 1:**    Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.
    **Plaintiff's Response to Interrogatory No. 1:**    Subject to and without waiving the objection, Plaintiff.

2. Identify Loidy Tang.
    **Objection to Interrogatory No. 2:**    Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.
    **Plaintiff's Response to Interrogatory No. 2:**    Subject to and without waiving the objection, Loidy Tang, born Loida Jeaneth Vasquez, then by name chance after marriage to Loidy Jeaneth Garcia, through naturalization retaking her maiden name as Loidy Jeaneth Vasquez, then after remarriage to Loidy Jeaneth Tang, 8241 N. Kilapatrick, Unit 1, Skokie, IL 60076, Cellular Telephone Number (773) 507-8483.

3.    Identify Sherita Morgan and state the nature of the relationship you have with Sherita Morgan, if any.

**Objection to Interrogatory No. 3**: Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 4**: Subject to the objection, Plaintiff does not know who Sherita Morgan is and does not have any relationship with Sherita Morgan.

4.  Describe in detail each communication and/or conversation that you had with ERA, including the date, time, and substance of each communication and/or conversation.

**Objection to Interrogatory No. 4**: Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 4**: Subject to and without waiving the objection Plaintiff states that on or about, (a) September 28, 2010 at 11:57 a.m, (b) September 3, 2010, at 10:54 a.m, July 9, 2010, at 11:03 a.m, and June 28, 2010, at 10:03 a.m. a prerecorded voice message was left stating:

> Hello this message is for, (Pause – Different Voice) Shirita Morgan (Phonetic). If you are not this person please delete this message as it is not for you. This is Chelsea with Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at (Pause – Different Voice) 800-496-8916 and provide the following reference number (Pause – Different Voice) 21430910.

Plaintiff has also provided in her Document responses documents that show the text to speech e-mails of these calls in the complaint and others she received. BATES TANG 493-505. The links in the text of the e-mail when sent to Plaintiff's counsel on the date stated in the emails would open a file in which the voice messages could be heard. No recordings of this e-mail were made. Defendant's records show that a total of 26 voice messages were left for Plaintiff. It is unknown at this time whether the content of the voice message was the same as above. On or about September 29, 2010, Plaintiff called ERC. Upon calling ERC a message prompted Plaintiff is she would like to report a wrong number to press 1. Plaintiff pressed 1 and was prompted to input her 10-digit number. After inputting her cell phone number 773-507-8483 she was transferred to a live operator. Defendant has and produced a recording of the exact conversation between Plaintiff and ERC of in part Plaintiff citing the reference number 21430910 and informing ERC that it was a wrong number.

5.  Describe in detail each communication, call and/or conversation that anyone made on your behalf to ERA, including the date, time and substance of each communication, call and/or conversation.

**Objection to Interrogatory No. 5:**  Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence.

6.    Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge.

**Plaintiff's Response to Interrogatory No. 6.** Plaintiff has knowledge of her cell phone and the calls and the messages received on that cell phone including the subject prerecorded message from Defendant.  Plaintiff also has knowledge that she represents a class of persons who did not provide prior express consent to be called on their cell phones by an autodialer and who also received a prerecorded message from Defendant on their cell phone.  Unknown class members who did not provide prior express consent to be called on their cell phones by an autodialer and who also received a prerecorded message from Defendant on their cell phone.  Unknown employees of Defendant. These employees would have knowledge of the use of an autodialer and Defendant's records as to using it to call Plaintiff and the class members.  Investigation is still continuing.

7.    Identify each and every witness to any communication that you had with ERA, giving the date and the time of each communication.

**Objection to Interrogatory No. 7:**  Plaintiff's counsel objects to this Interrogatory as written.  Plaintiff assumes that "ERA" is "ERC" and responds under this assumption.

**Plaintiff's Response to Interrogatory No. 7:**  Subject to and without waiving the objection, Defendant's unknown employee is a witness to Plaintiff's September 29, 2010 phone conversation between Plaintiff and ERC.

8.    Identify any documents, taped recordings or conversations or recordings of messages that reflect communications or attempted communications between you and ERA.

**Objection to Interrogatory No. 8:**  Plaintiff's counsel objects to this Interrogatory as written.  Plaintiff assumes that "ERA" is "ERC" and responds under this assumption.

**Plaintiff's Response to Interrogatory No. 8.**  Text e-mails of the messages left on Plaintiff's cell phone voice mail and links to recordings thereof the following messages: (a) September 28, 2010 at 11:57 a.m, (b) September 3, 2010, at 10:54 a.m, July 9, 2010, at 11:03 a.m, and June 28, 2010, at 10:03 a.m.  Plaintiff has a copy of the September 29, 2010 recording of Plaintiff's conversation with Defendant that was produced by Defendant in discovery.  Plaintiff is producing Google Text e-mails of the messages left by ERC for Plaintiff. BATES TANG 493-505.  Plaintiff is also producing a recording of ERC's recorded

9. Describe your educational background and history, including whether or not you graduated from high school, attended any vocational-technical or trade schools,

attended any college or university, including graduate education, and whether you graduated from any college or university and if so your degree and major.

**Plaintiff's Objection to Interrogatory No. 9.** Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 9.** Subject to the objection, Plaintiff graduated Von Steuben Metropolitan high school (Chicago, IL) in 1998. Enrolled at Wilbur Wright Community College (Chicago, IL in 2000 as a part time student taking general education courses with intent to pursue a nursing degree. re-enrolled at Oakton Community College (Skokie, IL) and completed a Basic Nursing Assistant training in 2008 (Certificate program/no degree)

10.    Identify by name, address and telephone number your current and past employers since either graduating or terminating your education, including dates of employment, position or job title and salary and reason for separation.

**Plaintiff's Objection to Interrogatory No. 10.** Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence. Plaintiff's counsel objects to the request to the extent that it is harassing.

**Plaintiff's Response to Interrogatory No. 10.** Subject to the objection, Plaintiff's current employer is Florence Mussat, M.D., S.C, 680 N. Lake Shore Dr. #390, Chicago, IL 60611 (TEL) (312) 751-9000.

11.    Identify all other lawsuits and court proceedings in which you are or were a party, including each suit the case number, the name of the Court, the style of the case, and the subject matter of the case.

**Plaintiff's Objection to Interrogatory No. 11.** Plaintiff's counsel objects to this Interrogatory to the extent it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Objection to Interrogatory No. 11.** Subject to the object, Plaintiff individually or as next friend is involved in the following class actions brought under the Telephone Communication Protection Act:

*Tang v. Enhanced Recovery Company, LLC*, 10 C 6501 (N.D. Ill.).
*Tang v. Stellar Recovery, Inc.*, 11 C 600 (N.D. Ill.)
*D.K. v. William W. Siegal & Associates, Attorneys at Law, LLC*, 11 C 599 (N.D. Ill.)
*D.K. v. Collecto, Inc., d/b/a EOS CCA, d/b/a CCA Collection Agency*, 11 C 601 (N.D. Ill.)
Capital One Bank (USA), N.A. v. Loidy J. Garcia, Case No. 09 M1 208889, in the Circuit Court of Cook County, Illinois

12.    Identify any other collection accounts not described in the Complaint for which you have been contacted by a collection agency or creditor for the past 7 years.

**Plaintiff's Objection to Interrogatory No. 12.** Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence.

13.    Describe any criminal record that you have, including whether you have been convicted of a crime or have plead guilty or *nolo contendere* to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

**Plaintiff's Objection to Interrogatory No. 13.** Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Objection to Interrogatory No. 13.** Plaintiff states that she has not been convicted of a crime punishable by death or imprisonment in excess of one year during the ten years prior to answering this interrogatory and that she has not been convicted or a crime of dishonesty.

14.    Identify any notice, whether oral or written, that you provided to ERA in which you disputed the debt at issue in this lawsuit.

**Plaintiff's Objection to Interrogatory No. 14.** Plaintiff's counsel objects to this Interrogatory as written. Plaintiff assumes that "ERA" is "ERC" and responds under this assumption. Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 14.** Subject to the objections, Plaintiff states that on September 29, 2010, she called ERC and orally informed it that it was calling a wrong number in reference to reference number 21430910. A recording of the conversation has been produced by Defendant.

15.    Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

**Plaintiff's Objection to Interrogatory No. 15.** Plaintiff's objects to this request as being premature.

**Plaintiff's Response to Interrogatory No. 15.** If Plaintiff retains an expert, Plaintiff will provide such information at the time designated by the Court.

16. Describe the factual basis and amounts of all damages you sustained as a result of ERA's conduct.

**Plaintiff's Objection to Interrogatory No. 16.** Plaintiff's counsel objects to this Interrogatory as written. Plaintiff assumes that "ERA" is "ERC" and responds under this assumption.

**Plaintiff's Response to Interrogatory No. 16.** Plaintiff is seeking appropriate statutory damages under the Telephone Communication Protection Act at a minimum of $500 per impermissible autodialed phone call placed to Plaintiff (26 calls in total) and the putative class members.

17.    Identify all documents that support your actual damages that you sustained as a result of ERA's conduct.

**Plaintiff's Objection to Interrogatory No. 17.** Plaintiff's counsel objects to this Interrogatory as written. Plaintiff assumes that "ERA" is "ERC" and responds under this assumption. Plaintiff's counsel objects to this Interrogatory as it requests

information that is not relevant nor likely to lead to admissible evidence as Plaintiff is not seeking any actual damages.

18.     Identify any calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you that in any way relate to this lawsuit.

**Plaintiff's Response to Interrogatory No. 18.** Text e-mails of the messages left on Plaintiff's cell phone voice mail and links to recordings thereof the following messages: (a) September 28, 2010 at 11:57 a.m, (b) September 3, 2010, at 10:54 a.m, July 9, 2010, at 11:03 a.m, and June 28, 2010, at 10:03 a.m.   Plaintiff is producing the remainder of the documents which show that date and time of the calls and the rough text-to-speech translation of the messages. BATES TANG 493-505.

19.     Identify your home and cellular telephone numbers and the telephone providers for your home and cellular telephone numbers.

**Plaintiff's Objection to Interrogatory No. 19.** Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 19.** Subject to the objection, 773-507-8483, Cellular Telephone, US Cellular.

20.     Identify every telephone number at which you allege ERA contact you and state if it the number is a home or cellular number.

**Plaintiff's Objection to Interrogatory No. 20.** Plaintiff's counsel objects to this Interrogatory as written.  Plaintiff assumes that "ERA" is "ERC" and responds under this assumption.

**Plaintiff's Response to Interrogatory No. 20.**   773-507-8483. Cellular Telephone.

21.     Identify every phone call that you placed to ERA including the date and time of each call and the phone number from which you dialed from.

**Plaintiff's Objection to Interrogatory No. 21.** Plaintiff's counsel objects to this Interrogatory as written.  Plaintiff assumes that "ERA" is "ERC" and responds under this assumption.  Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 21.**   Subject to and without waiving the objections, Plaintiff states September 29, 2010.

22.     State when you first obtained telephone service at the number you claim was being called by ERC, the service provider for that service, the telephone number, the identity of all authorized users and the person that had service at that telephone number immediately prior to you.

**Plaintiff's Objection to Interrogatory No. 22.** Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 22.** Subject to the objection, 773-507-8483, US Cellular, approximately January 2007 the service was first obtained for the telephone number.

23.    Identify the name of the person that pays the bill for phone service for the cellular telephone identified in Interrogatory 22.

**Plaintiff's Objection to Interrogatory No. 23.** Plaintiff's counsel objects to this Interrogatory to the extent that it requests information that is not relevant nor likely to lead to admissible evidence.

**Plaintiff's Response to Interrogatory No. 23.** Plaintiff.

24.    Describe the nature of your relationship, if any, with Sherita Morga, including whether you are related to her, by either blood or marriage, know Sherita Morgan, and for how long you have known Sherita Morgan.

**Plaintiff's Objection to Interrogatory No. 24.** Plaintiff's counsel objects to this Interrogatory as it requests information that is not relevant nor likely to lead to admissible evidence.  Plaintiff is not aware of any relationship she has with Sherita Morgan.

## III.    Document Production Requests

1. Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

**Response to Document Request No. 1.** Plaintiff is producing these documents.

2. Produce all documents identified in your responses to Interrogatories.

**Response to Document Request No. 2.** Plaintiff is producing these documents.

3. Produce all documents you referred to or relied on in preparing your interrogatory responses.

**Response to Document Request No. 3.** Plaintiff is producing these documents.

4. Produce all documents that support your factual allegations in the Complaint.

**Objection to Document Request No. 4.**  Plaintiff counsel objects to this request to the extent that it asks for the disclosure of work product.

**Response to Document Request No. 1.** Subject to and without waiving the request, Plaintiff is producing these documents.

5. Produce all documents supporting the allegation in ¶ 8 of your Complaint that "The Nobel Predictive Dialers are fully redundant."

      **Response to Document Request No. 5.** Plaintiff is producing this document from Defendant's website.

6. Produce all documents supporting the allegations in ¶ 9 of your Complaint that "The Nobel Predictive Dialer is capable of dialing debtors' telephone numbers without human intervention, and delivering an automated prerecorded message with Text-to-speech customization to insert the person's name of whom Defendant was trying to reach into the message."

      **Objection to Document Request No. 6.** Plaintiff counsel objects to this request to the extent that it asks for the disclosure of work product.

      **Response to Document Request No. 6.** Subject to and without waiving the request, Plaintiff is producing these documents.

7.     Produce all documents supporting the allegations in ¶ 10 of your Complaint that "On information and belief the Nobel Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Nobel Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over. "

      **Objection to Document Request No. 7.** Plaintiff counsel objects to this request to the extent that it asks for the disclosure of work product.

      **Response to Document Request No. 7.** Subject to and without waiving the request, Plaintiff is producing these documents.

8. Produce all document supporting the allegations in ¶ 11 of your Complaint that "Plaintiff has a cellular telephone number assigned the telephone number XXX-XX-8443. The first seven digits of the Plaintiff's cellular telephone number are redacted herein due to privacy considerations."

      **Response to Document Request No. 8.** Plaintiff is producing these documents.

9. Produce all documents supporting the allegations in ¶ 12 of your Complaint that "Plaintiff received on her cellular telephone several prerecorded messages in the form as follows:

      Hello this message is for, (Pause – Different Voice) Shirita Morgan (Phonetic). If you are not this person please delete this message as it is not for you. This is Chelsea with Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at (Pause – Different Voice) 800-496-8916 and provide the following reference number (Pause – Different Voice) 21430910."

**Response to Document Request No. 9.** Plaintiff is producing these documents.

10. Produce all documents supporting the allegations in ¶ 13 of your Complaint that "The pauses with the different voice noted above and the underlined text is text-to-speech customization that inserts, in part, the person's name of whom Defendant was trying to reach into the form prerecorded message and a reference number Defendant has assigned to that person's account. Plaintiff has no relationship with defendant, and does not know who Shirita Morgan is [sic]."

    **Objection to Document Request No. 10.** Plaintiff counsel objects to this request to the extent that it asks for the disclosure of work product.

    **Response to Document Request No. 10.** Subject to and without waiving the request, Plaintiff is producing these documents related to the first sentence. No documents exist to the negative allegation that "Plaintiff has no relationship with defendant, and does not know who Shirita Morgan is."

11. Produce all documents supporting the allegations in ¶ 15 of your Complaint that "Defendant placed, and Plaintiff received the prerecorded voice message described above from Defendant on her cell phone on or about:
    a.    September 28, 2010 at 11:57 a.m.;
    b.    September 3, 2010, at 10:54 a.m.;
    c.    July 9, 2010, at 11:03 a.m.; and
    d.    June 28, 2010, at 10:03 a.m."

    **Response to Document Request No. 11.** Plaintiff is producing these documents.

12.    Produce all documents supporting the allegations in ¶ 16 of your Complaint that "Each phone call above was placed with an autodialer that dialed Plaintiff's cellular telephone number without a human hand."

    **Response to Document Request No. 12.** Plaintiff is producing these documents. Plaintiff also refers Defendant to its collection notes produced.

13. Produce all documents supporting the allegations in ¶ 17 of your Complaint that "Defendant has placed other calls to Plaintiff's cellular telephone number using an autodialer and has made other calls and left other prerecorded messages which should appear in Defendant's collection notes, telephone records or dialer records regarding its reference number 21430910."

    **Response to Document Request No. 13.** Plaintiff is producing these documents. Plaintiff also refers Defendant to its collection notes produced.

14. Produce all documents supporting the allegations in ¶ 20 of your Complaint that "On or about September 29, 2010, Plaintiff called Defendant at the 800-496-8916 telephone number. Defendant received this telephone call."

    **Response to Document Request No. 14.** Plaintiff refers Defendant to its collection notes produced. Plaintiff refers Defendant to the voice recording it produced regarding Plaintiff's conversation which is responsive to this request.

15. Produce all documents supporting the allegations in ¶ 23 of your Complaint that "After entering the 10-digit phone number the call is transferred to a live person."

    **Response to Document Request No. 15.** No specific document exists that Plaintiff entered her 10 digit phone number. Plaintiff refers Defendant to its collection notes produced. Plaintiff refers Defendant to the voice recording it produced regarding Plaintiff's conversation which is responsive to this request.

16. Produce all documents supporting the allegations in ¶ 24 of your Complaint that "Plaintiff followed Defendant's automated answering machine prompts and reported that the telephone number Defendant was calling was the wrong number."

    **Response to Document Request No. 16.** No specific document exists that Plaintiff Plaintiff followed Defendant's automated answering machine prompts. Plaintiff refers Defendant to the voice recording it produced regarding Plaintiff's conversation which is responsive to this request.

17. Produce all documents supporting the allegations in ¶ 25 of your Complaint that "On information and belief, Defendant places numerous calls to cellular phone numbers using its predictive dialer where the telephone number is not that of the debtor whose name is inserted in the form prerecorded message."

    **Response to Document Request No. 17.** Defendant is in possession of its automated message that instructed the caller to press 1 if the caller was reporting a wrong number.

13. [18.] Produce a copy, in text or audio for, of the outgoing voice mail message for your cellular telephone since January, 2010.

    **Response to Document Request No. 13 [18].** Prior to June 2010, Plaintiff's voice message in substance stated: Hello, you have reached Loidy, please leave a message. Beginning June 2010, Plaintiff's voice message states Hello you have reached the Goggle voice mail for 773-507-8483.

14. [19.] Produce a copy of your billing statements, service contract, subscriber agreement or any other documents related to the account for the cellular service for the telephone that you claim was being called by ERC.

    **Objection to Document Request No. 14 [19.]** Plaintiff counsel objects to this request to the extent that requests information not relevant nor likely to lead to admissible evidence.

    **Response to Document Request No. 14 [19.].** Subject to and without waiving the request, Plaintiff is producing these documents.

Submitted,

_Curtis C. Warner_

Curtis C. Warner

Curtis C. Warner    (6282197)

cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**VERIFICATION**

I LOIDY TANG the Plaintiff in the matter *Loidy Tang. v. Enhanced Recovery Company, LLC,* 10 C 6501, Northern District of Illinois state under penalty of perjury, that the forgoing responses to the Interrogatories and the facts contained therein are true and correct to the best of my personal knowledge and belief and those facts that are not within my knowledge and to the objections raised I have relied upon my counsel.

3/16/2011
Date

LOIDY TANG

## CERTIFICATE OF SERVICE

I Curtis C. Warner, an attorney, state that on **March 15, 2011**, pursuant to Rule 5, I e-mailed a copy of Plaintiff Loidy Tang's discovery responses and document production responses in the matter *Loidy Tang. v. Enhanced Recovery Company, LLC,* 10 C 6501, Northern District of Illinois via e-mail to:


James K. Schultz    jschultz@sessions-law.biz
Sessions Fishman Nathan & Israel L.L.C.
55 W. Monroe St., Ste. 1120
Chicago, IL 60603

Peter Nicandri    pnicandri@milamhoward.com
Milam Howard Nicandri Dees & Gillam, P.A.
14 East Bay Street
Jacksonville, Florida 32202

Submitted,

*Curtis C. Warner*

Curtis C. Warner