**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA SOPPET, | ) | 10 C 5469 |
| on behalf of plaintiff and the class defined below, | ) | Judge Kennelly |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| ENHANCED RECOVERY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of | ) | 10 C 6501 |
| a class, | ) | (Consolidated) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF TANG'S RENEWED**
**MOTION TO COMPEL CLASS DISCOVERY AND DISCOVERY RELATED TO**
**DEFENDANT'S ASSERTED AFFIRMATIVE DEFENSES**

Plaintiff Tang respectfully requests that this Court compel defendant Enhanced Recovery Company, LLC to respond to class discovery and discovery related to its asserted affirmative defenses. In Support of this motion, plaintiff states:

## I.    INTRODUCTION

This is a Telephone Consumer Protection Act, 47 U.S.C. § 227(b), case, alleging that the defendant debt collection agency improperly called plaintiff and others on their cellular telephones using an automatic telephone dialing system, and using a prerecorded or artificial voice. The TCPA proscribes calling anyone on their cellular telephones using such equipment unless the caller has the "prior express consent" of the called party to make such calls. The TCPA is a strict liability statute with no "bona fide error" defense. The only defense available to is "prior express consent." On August 21, 2011, this Court denied defendant's motion for

1

summary judgment as to the issue of "prior express consent," holding that neither Tang nor Soppet consented to receive autodialed or prerecorded calls to their cellular telephones.

The prerecorded phone messages upon which the *Tang* case is based urge the recipient to call ERC to notify it if ERC's phone calls were received in error. When a consumer calls the number in the phone messages, there is an interactive voice message system, where the caller presses "2" if she received a phone call in error. Tang performed this action.

The *Tang* class is comprised of "wrong number" call recipients. It is based upon the electronic records associated with ERC's automated "wrong number" identification system. The class is defined as:

> (a) all natural persons with a cellular telephone number corresponding to either an Illinois, Indiana or Wisconsin area code (b) that was called by Defendant (c) with an automatic telephone dialing service and/or an artificial or prerecorded voice during a period (d) where Defendant's records show that the cellular telephone number has been designated as a wrong number (e) where any call was made beginning four years prior to the filing this action and ending on the date of filing of this action.

[Doc. 1 ¶ 33, Case No. 10-cv-6501].

Although defense counsel has indicated during Rule 37 talks that ERC may be able can perform a query of its records to determine a list of persons who called in to notify ERC that it was calling the wrong person, ERC has not provided this information, and has not provided a timeframe for when it might be provided.

Similarly, ERC has raised fifteen affirmative defenses, including "prior express consent" for each of the class members. In this motion, plaintiff seeks an order compelling ERC to provide all information regarding these affirmative defenses. This motion also asks the Court to compel ERC to provide a class list: the call dates and times, names, phone numbers and addresses of the persons who called in to tell ERC that it had been calling a wrong number.

2

TCPA cell phone cases can be certified as a class action. *Balbarin v. North Star Capital Acquisition, LLC, et al*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) *motion for reconsideration denied*, 2011 U.S. Dist. LEXIS 5763 (N.D. Ill. Jan. 21, 2011), *Rule 23(f) Petition for Leave to Appeal Denied*, No.: 11-8004 (7th Cir. March 10, 2011); *Mitchem v. Illinois Collection Service*, 09 C 7274, 2010 LEXIS 76581 (N.D. Ill. July 29, 2010) *granting class certification* 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011).

## II.     Rule 37 /LR. 37.2 MEET AND CONFER

Plaintiff first issued the discovery at issue on November 23, 2010 and November 24, 2010, in two separate sets of discovery requests.  Defendant responded on January 14, 2011, by agreement.  Exhibit A.  The responses included almost no information at all, and zero pages of documents were produced.[1]

Thereafter, plaintiff's counsel Alexander Burke and Curtis Warner, and defense counsel Peter Nicardi, and later Jim Schultz after a change of defense counsel, engaged in protracted meet and confer discussions regarding production of responses to these requests, including telephone conferences on January 21, 2011, January 28, 2011 and February 23, 2011.

While defendant initially indicated that it would be able to determine the number, and names and addresses of the persons who told ERC it had been calling the wrong number, no such information has been provided in any formal discovery response.  ERC did indicate informally that there were approximately 110,000 wrong number calls to persons with Illinois area codes during the class period, but has not substantiated this through interrogatory response nor has provided any proper verification to that number as required under Rule 33(b)(3).

---

[1] The collection notes related to the accounts for which Defendant called Plaintiffs and the insurance policy have now been produced by Defendant.

On March 10, 2011, Curtis Warner and Jim Schultz discussed Defendant's lack of providing and facts to support its affirmative defense regarding whether Plaintiff provided express prior consent for the autodialed phone calls with a prerecorded message to her cell phone. Mr. Schultz responded that in his opinion consent was given by Shrita Morgan to call the number which is now Plaintiff's cell phone number. However, again this has not been substantiated through an interrogatory response nor has there been any proper verification as required under Rule 33(b)(3).

The parties requested a stay of discovery in open court while ERC moved for summary judgment. On August 26, 2011, counsel held a telephonic conference to determine what steps needed to be taken in order to move this case forward. On August 31, 2011, counsel for Tang called James Schultz, counsel for ERC, and asked whether the responses would be forthcoming. Mr. Schultz was unable to provide a timeline for production.

Plaintiff's counsel has in good faith conferred with Defendant's counsel to make disclosure or discovery in an effort to obtain it without court action as required under Rule 37(a)(1) and Local Rule 37.2. This motion is ripe for decision.

## II.    Discovery Generally

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

"[T]he discovery deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307 308 (S.D.N.Y. 1982).

Compelling production of materials sought promotes justice and quick resolution of a matter. *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D. Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction. "The defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

An attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search. See Fed.R.Civ.P. 26(b)(2); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D. Cal. Jan 07, 2008), vacated in irrelevant part, 2008 WL 638108 (S.D. Cal. Mar 05, 2008). The result of this is likely waiver. *Ner Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261 (N.D. Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D. Ill. 2008). The result of the failure to perform an adequate search is wavier. Compelling the requests herein will promote swift resolution of this case. Fed.R.Civ.P. 1.

## III.    ARGUMENT

The discovery requests plaintiff issued relating to the class list and affirmative defenses from plaintiff's second set of discovery requests, and the objections thereto, were as follows:

**Interrogatory 1:** For a time period from October 12, 2006 to October 12, 2010, please identify and state each number for all cellular telephone calls to either an Illinois, Indiana, or Wisconsin area code, which calls were placed by a machine and not a human hand dialing the telephone number, for accounts that Defendant's records indicate that the telephone number called was the wrong number.

**ERC's Response: ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wring number, ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to the undue burden or cost. There is no computerized method or process of confirming without any question whether a particular number is a cellular telephone number or a wrong number or whether the number was provided to the original creditor or ERC, or located elsewhere. Also, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year time period which will take an account review of records to identify and determine responsive documents.**

**Interrogatory 3:** Identify the basis for each of your affirmative defenses. Include a detailed description of all facts, documents, testimony, information, circumstances and law upon which they are based. Please cite to bates numbers. In you contend that responsive documents, testimony, information or other materials are not in your possession, custody or control, then please provide the most complete response possible, including a description of the missing document, testimony information or other material, its believed location, its believed custodian and how its relates to your affirmative defenses.

**ERC's Response: ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. There is no basis for seeking to obtain legal arguments through interrogatories. Moreover, the request is vague with its use of the terms "circumstances" and "information" It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wring number, ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to the undue burden or cost. There is no computerized method or process of confirming without any question whether a particular number is a cellular telephone number or a wrong**

number or whether the number was provided to the original creditor or ERC, or located elsewhere.  Also, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records.  ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year time period which will take an account review of records to identify and determine responsive documents.

Without waving this objection, ERC has noted in response to prior interrogatory numbers 1 and 2 (and other similar interrogatories) that there are enormous challenges in accessing, obtaining and reviewing all needed records to determine whether someone is even part of the proposed class as defined.  These challenges show that a class action is not appropriate as mini-trials will be necessary to evaluate account information.  Pertinent records bearing on the issue of consent can be diverse and located in a variety of places, including ERC's records, and consent is an individualized factual determination under the law.

**Document Request No. 1**. All documents that support or refute any of your affirmative defenses.

**ERC's Response: ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The request improperly asks ERC to speculate on what documents support of refute issues in the case.  Further, discovery and ERC's investigation is ongoing and any and all such responsive documents have not been identified at this stage.  Also certain account information is electronically stored and is not reasonably accessible due to undue burden or cost.  There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC or located elsewhere.  Further, ERC's records do not include all records of the original creditor that will or may provide that the debtor provided a cellular telephone number. ERC archives records older than two years and significant and expensive additional information technology support is required to access all records.  ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year time period which will take an account review of records to identify and determine responsive documents.  Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.**  [Exhibit A]

Plaintiff's interrogatories 1, 2 and 3, and document request 3 from her first set of

discovery ask for substantially similar information.  Exhibit A.

ERC's boilerplate objections are clearly improper as, "the mere statement by a party that

the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to

voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982). Additionally, ERC's counsel has informally told plaintiff's counsel in sprint 2011, that there were approximately 110,000 wrong number calls to cell phones during the two year period before this case was filed. Such a statement is contrary to ERC's objections.

ERC has not identified these 110,000 persons, and has not provided any information at all why it believes it had these persons' "prior express consent" to be called using an autodialer or artificial or prerecorded voice. These responsive facts regarding the class members should be produced.

It is well established that a plaintiff may take discovery on class certification issues, including the class list, before a class has been certified. 2003 Advisory committee note to Fed.R.Civ.P. 23(c)(1)(A); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); *accord*, *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 72 (2d Cir. 1982); *Dillon v. Bay City Construction Co., Inc.*, 512 F.2d at 804 (4th Cir. 1979); *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977), *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 214 (N.D.Ill. 2002) (FDCPA Case); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341(N.D.Ill. 2001) (FDCPA case); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636 637 (S.D. Ohio 1981); *National Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980); also see *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

Furthermore, plaintiff's request for the information regarding ERC's affirmative defenses related to plaintiff's and the class' claims are proper. *E.g.* (Doc. 14, Case No. 10-cv-6501, pp.

11, 13) ("**THIRD AFFIRMATIVE DEFENSE** Plaintiff[']s claim for class action fails as Plaintiff cannot establish numerosity, in that Plaintiff provides mere speculation as to the size of the class and does not show that joinder is impractical") ("**FOURTH AFFIRMATIVE DEFENSE** Plaintiff's Complaint seeking class action certification fails as Plaintiff's claim lacks commonality, in that Plaintiff's claim is based on ERC allegedly seeking to contact an individual that is not Plaintiff. Plaintiff has failed to show that the members of the purported class can or will allege similar facts regarding the calls received") ("**FOURTEENTH AFFIRMATIVE DEFENSE** Plaintiff's claim is barred to the extent that Plaintiff consented to any and all calls and/or communications from ERC.")

A party cannot permissibly assert a defense and then refuse to provide the opposing party with evidentiary support for such. By doing so, Defendant is essentially elected to engage in protected discovery which is "the bane of modern litigation." *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (Posner, J.). In short, defendant has set plaintiff between a rock and a hard place by asserting defenses, and then refusing to provide any information relating to them at all.

If sued, as this Court recognized in its summary judgment ruling, a TCPA defendant has the burden of proof to show that it had "prior express consent" to make autodialed calls and/or leave prerecorded messages to cell phones as noted by the FCC as follows:

> Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.[38]
> ***
> fn38 A third party collector may also be liable for a violation of the Commission's rules. In addition, prior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other

creditors, including on behalf of affiliated entities.

*In re Rules and Regulations Implementing the TCPA*, GC Docket 02-278; 07-232, at 7, fn 38 (January 4, 2008). "Congress has delegated the FCC with the authority to make rules and regulations to implement the TCPA" and therefore its orders have the force of law. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009) (*citing Chevron v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843-44 (1984); 47 U.S.C. § 227(b)(2)). As such the FCC's order setting the burden of consent on the entity that used the autodialer is the law. *Id*.

Of course, ERC has already lost on consent issue. But its other affirmative defenses remain. And a plaintiff facing an affirmative defense is entitled to discovery on the defense -- even in a class action setting. Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53, n.13 (1978). It is axiomatic that the party that asserts a defense is responsible for proving that defense, and the opposing party has a right to request upon what facts and legal theories that defense is based. *Oppenheimer*, 437 U.S. at 352-53; Fed. R. Civ. P. 26(b)(1); Comment to Fed. R. Civ. P. 26(b)(1) ("The Committee intends that the parties and the court focus on the actual claims and <u>defenses</u> involved in the action.") (Emphasis added)

These discovery responses and documents Plaintiff seeks regarding ERC's defenses are clearly discoverable. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery <u>regarding any nonprivileged matter that is</u> <u>relevant to any party's claim or **defense**</u> -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Emphasis added.]

*Morris v. Swank Educ., Enters.*, case no. 04 C 50056, 2004 U.S. Dist. LEXIS 16655 (N.D. Ill. Aug. 20, 2004); *Thomas v. Bowman Heintz Boscia & Vician, P.C.*, 2008 WL 5070471 (S.D. Ind. Nov. 26, 2008); *EEOC v. Bloomin' Apple Rockford I, LLC*, case no. 04 C 50375, 2006 U.S. Dist.

Case: 1:10-cv-05469 Document #: 72 Filed: 08/31/11 Page 11 of 12 PageID #:683

LEXIS 2708 (N.D. Ill. Jan. 24, 2006); cf. *Martinez v. Baldwin Steel Co.-Chicago Div.*, 2000 WL 1029228 (N.D.Ill. July 26, 2000) (holding that affirmative defenses were waived because they were raised at the eleventh hour of discovery period).

Every court that has considered this issue has ruled that a TCPA defendant in a class action must support its defenses, and must provide a class list, precertification.[2]  In *Donnelly v. NCO Fin. Sys.,* 263 F.R.D. 500 (N.D. Ill. 2009), another cellular telephone case brought as a class action under the TCPA, another court noted that, "Plaintiff wants NCO to produce a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice, since August 19, 2008." *Id*., at 503.  (defendant's objections *overruled by*, *Donnelly v. NCO Fin. Sys.,* 09 C 2264, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (Guzman, J.) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 Order and directs NCO to comply fully with it or face sanctions that may include striking its defenses."); *Martin v. Bureau of Collection Recovery,* 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011) (St. Eve, J).

More importantly, the court in *Donnelly* ultimately concluded that, "This court agrees with Judge Keys's sound reasoning in *Fike* and finds that NCO must produce the requested class-wide documents and information relating to its prior express consent defense."  *Donnelly*, 263 F.R.D. at 504. Magistrate Cox likewise in addressing the issue of asserted affirmative defenses in a TCPA class has stated, "If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place." *Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992 * 3 (N.D. Ill. Nov. 9, 2010)

[2] Extensive transcripts of the oral hearings on motions to compel discovery in TCPA class cases in which the defendants were required to respond to discovery regarding class issues and affirmative defenses are attached in the Appendix hereto, along with the FCC's January 4, 2008 order.

Similarly here, ERC has asserted fifteen affirmative defenses, and has refused to produce any discovery at all regarding those supposed defenses. It has also indicated that it will oppose class certification on the ground that numerosity does not exist, but has refused to provide concrete evidence thereof. Such discovery needs to be produced, or the defenses stricken.

## IV.    CONCLUSION

WHERERFORE, the reasons stated above, Plaintiff requests that this Court compel ERC to provide full responses to interrogatories 1 and 3 and document request 1 from the second set of discovery, and interrogatories 1, 2 and 3, and document request 3 from plaintiff's first set of discovery requests.

Respectfully submitted,

/s/ Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


Curtis C. Warner
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)