**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA SOPPET, | ) | 10 C 5469 |
| on behalf of plaintiff and the class defined below, | ) | Judge Kennelly |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| ENHANCED RECOVERY CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of | ) | 10 C 6501 |
| a class, | ) | (Consolidated) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| Defendant. | ) | |

# EXHIBIT A

**TO PLAINTIFF TANG'S RENEWED MOTION TO COMPEL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually
and on behalf of a class,

CASE NO. 1:10-cv-06501

     Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

     Defendant.

_____/

## DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's First Set of Interrogatories, and states:

### GENERAL OBJECTIONS

1.    ERC reserves the right to supplement, amend or correct any part of its responses, as discovery in this case is ongoing, and the right to object to the admissibility as evidence of all or any part of these responses and any information contained in these responses.

2.    ERC objects to Plaintiff's First Set of Interrogatories to the extent they call for information obtained or references to documents which were prepared in anticipation of

litigation or otherwise constitute attorney-work product, or contain attorney-client communications, or are otherwise privileged.

3.      ERC objects to Plaintiff's instructions and definitions to the extent that these instructions or definitions direct or require actions which are beyond the scope or requirements of the specific provisions of the Federal Rules of Civil Procedure.

4.      ERC reserves the right to supplement, amend or correct all or any part of its Responses provided herein, as may be appropriate as discovery goes forward in this case

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## RESPONSES TO INTERROGATORIES

1.      For a time period of October 12, 2006 to October 12, 2010, please identify and state each number for all cellular telephone calls to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number.  ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost.  There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or

whether the number was provided to the original creditor or ERC, or located elsewhere. In addition, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number as a contact number. Further, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive information and documents.

    2.    For a time period from October 12, 2006 to October 12, 2010, please identify all cellular telephone numbers corresponding to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number where the telephone call placed by a machine, not a human hand dialing the telephone number.

    **ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. Also, there is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of

number or whether the number was provided to the original creditor or ERC, or located elsewhere. Further, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive information and documents.

3. For a time period from October 12, 2006 to October 12, 2010, please state the number of all cellular telephone numbers corresponding to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number where the telephone call was placed by a machine, not a human hand dialing the telephone number.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory appears virtually identical to the prior interrogatory. Moreover, it is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. Also, there is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC, or located elsewhere. Further, ERC archives records older than two years and significant and

4

expensive additional information technology support is required to access all records.  ERC

likely attempted to collect tens of thousands of accounts in the area codes at issue over the

requested four year period which will take an account by account review of records to

identify and determine responsive documents.

3.      [SIC] Please state all facts that support Defendant's Third Affirmative
Defense asserted in respond to the Complaint and describe the process in detail how
Defendant arrived at each fact.

**ANSWER:**

ERC objects to this interrogatory to the extent it is overbroad and unduly

burdensome and seeks information that is not relevant or reasonably calculated to lead to

the discovery of admissible evidence.  Without waiving this objection, ERC has noted in

response to prior interrogatory numbers 1 and 2 (and other similar interrogatories from

Plaintiff Soppet) that there are enormous challenges in accessing, obtaining and reviewing

all needed records to determine whether someone is even part of the proposed class as

defined.  ERC incorporates its objections and responses to these prior interrogatories.  These

challenges show that a class action is not appropriate as mini-trials will be necessary to

evaluate account information.  Pertinent records bearing on the issue of consent can be

diverse and located in a variety of places, including ERC's records, and consent is an

individualized factual determination under the law.  Discovery is ongoing and ERC will

supplement as appropriate.

## CERTIFICATION

I, Ginny Walker, as Director of Compliance and Administration, on behalf of Enhanced Recovery Company, LLC, who is authorized to appear on behalf of the company, hereby swear and affirm that I have read the foregoing answers to Interrogatories, and that the answers are true and complete based on my own personal knowledge.

ENHANCED RECOVERY COMPANY, LLC

By: _____
Ginny Walker
Director of Compliance and Administration

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing certification was acknowledged before me this 14th day of January, 2011, by Ginny Walker on behalf of Enhanced Recovery Company, LLC [✓] who is personally known to me or [ ] who produced _Ginny L. Walker_ as identification and did/did not take an oath.

_____
Notary Public, State of Florida
Print Name:
My Commission Expires:

TAMMI MARIE HATFIELD
MY COMMISSION # DD 922206
EXPIRES: January 2, 2014
Bonded Thru Notary Public Underwriters

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually
and on behalf of a class,

CASE NO. 1:10-cv-06501

       Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

       Defendant.

_____/

## DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's Second Set of Interrogatories, and states:

### GENERAL OBJECTIONS

1.    ERC reserves the right to supplement, amend or correct any part of its responses, as discovery in this case is ongoing, and the right to object to the admissibility as evidence of all or any part of these responses and any information contained in these responses.

2.    ERC objects to Plaintiff's Second Set of Interrogatories to the extent they call for information obtained or references to documents which were prepared in anticipation of

litigation or otherwise constitute attorney-work product, or contain attorney-client communications, or are otherwise privileged.

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## RESPONSES TO INTERROGATORIES

1. For a time period of October 12, 2006 to October 12, 2010, please identify and state each number for all cellular telephone calls to either an Illinois, Indiana, or Wisconsin area code, which calls were placed by a machine and not a human hand dialing the telephone number, for accounts that Defendant's records indicate that the telephone number called was the wrong number.

### ANSWER:

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or wrong number or whether the number was provided to the original creditor or ERC, or located elsewhere. Also, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which

2

will take an account by account review of records to identify and determine responsive documents.

3.      [SIC] Identify the basis for each of your affirmative defenses. Include a detailed description of all facts, documents, testimony, information, circumstances and law upon which they are based. Please cite to bates numbers. If you contend that responsive documents, testimony, information or other materials are not in your possession, custody, or control, then please provide the most complete response possible, including a description of the missing document, testimony information or other material, its believed location, its believed custodian and how it relates to your affirmative defenses.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. There is no basis for seeking to obtain legal arguments through interrogatories. Moreover, the request is vague with its use of the terms "circumstances" and "information." It is also not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC, or located elsewhere. Also, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number as a contact number, including credit

3

applications and correspondence. Further, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive information and documents.

Without waiving this objection, ERC has noted in response to prior interrogatory numbers 1 and 2 (and other similar interrogatories) that there are enormous challenges in accessing, obtaining and reviewing all needed records to determine whether someone is even part of the proposed class as defined. These challenges show that a class action is not appropriate as mini-trials will be necessary to evaluate account information. Pertinent records bearing on the issue of consent can be diverse and located in a variety of places, including ERC's records, and consent is an individualized factual determination under the law.

4. Identify every communication or attempted communication with plaintiffs, or any other person in association with accounts upon which plaintiffs were contacted

For Tang, the account number is believed to be █████████

Include the date and time, the means of contact or attempted contact (i.e. phone, letter or other), the equipment or system you used (i.e. make and model of dialer), what sort of human intervention was involved in making the communication (i.e. whether a human or a computer dialed the phone number) the substance of the communication or attempted communication, and whether or not you believe the communication was completed or successful.

**ANSWER:**

ERC objects to this request to the extent it is vague and overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the answers to most of this interrogatory may be derived from the account records at issue and ERC will produce the available account records in its possession, custody, or control. Further, ERC states that the purpose of the call is an attempt to collect a debt. ERC used the Noble dialing system to place all calls.

## CERTIFICATION

I, Ginny Walker, as Director of Compliance and Administration, on behalf of Enhanced Recovery Company, LLC, who is authorized to appear on behalf of the company, hereby swear and affirm that I have read the foregoing answers to Interrogatories, and that the answers are true and complete based on my own personal knowledge.

ENHANCED RECOVERY COMPANY, LLC

By: _____

Ginny Walker
Director of Compliance and Administration

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing certification was acknowledged before me this _11th_ day of January, 2011, by Ginny Walker on behalf of Enhanced Recovery Company, LLC [X] who is personally known to me or [ ] who produced _Ginny L Walker_ as identification and did/did not take an oath.

_____

Notary Public State of Florida
Print Name
My Commission Expires

TAMMI MARIE HATFIELD
MY COMMISSION # DD 922205
EXPIRES: January 2, 2014
Bonded Thru Notary Public Underwriters

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually                         CASE NO. 1:10-cv-06501
and on behalf of a class,

     Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

     Defendant.
_____/

## DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's First Request for Production of Documents, and states:

### GENERAL OBJECTIONS

1.     ERC will produce any documents not otherwise objected to in its possession, custody or control, if any, subject to the limitations set forth below.

2.     ERC objects to the First Request for Production (including the accompanying definitions and instructions) to the extent the First Request for Production calls for information or documents which were prepared for or in anticipation of litigation, constitute attorney-work product or contain attorney-client communications, or are otherwise privileged.

3.     ERC objects to Plaintiff's definitions and instructions to the extent that these instructions direct or require actions which are beyond the scope of the specific provisions of the Federal Rules of Civil Procedure.

4.     ERC expects to produce any responsive documents in either paper form or electronic form.   As outlined below, certain electronically stored information is not reasonably accessible due to undue burden or cost within the meaning of Rule 26(b)(2)(B).

5.     ERC reserves the right to supplement, amend or correct all or any part of its Responses provided herein, as may be appropriate as discovery goes forward in this case.

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## RESPONSES TO DOCUMENT PRODUCTION REQUESTS

1.     All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

**RESPONSE**:

ERC will produce any available responsive documents at a mutually convenient time and place.

2.     All documents relating to the account Defendant was attempting to collect as described in paragraph 12 of the Complaint with the reference number 21430910.

**RESPONSE**:

ERC will produce any available responsive documents at a mutually convenient

2

time and place.

3.     All documents that were relied upon by Defendant in asserting its Third Affirmative Defense. (Doc. 14, p. 11).

**RESPONSE**:

ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Discovery and ERC's investigation is ongoing and any and all such responsive documents have not been indentified at this stage. Further, certain account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC or located elsewhere. Further, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number. In addition, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the states and area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive documents. Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.

3

4.     All documents reviewed or relied upon by Defendant or its agents, independent contractors, employees, or attorneys, in answering the Interrogatories above.

**RESPONSE**:

ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Discovery and ERC's investigation is ongoing and any and all such responsive documents have not been indentified at this stage.  Further, certain account information is electronically stored and is not reasonably accessible due to undue burden or cost.  There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC or located elsewhere.  Further, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number.  In addition, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records.  ERC likely attempted to collect tens of thousands of accounts in the states and area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive documents.  Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.

Dated this 14th day of January, 2011.

BRONSON & KAHN LLC


By: _____/s/ David A. Shapiro_____
     David A. Shapiro
     150 N. Wacker Drive, Suite 1400
     Chicago, IL 60606
     Dshapiro@bronsonkahn.com
     Tel: (312) 553-1700
     Fax: (312) 676-3821


            -   and  -

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By: _____
     Peter E. Nicandri
     Florida Bar No. 0823090
     pnicandri@milamhoward.com
     14 East Bay Street
     Jacksonville, Florida 32202
     Tel: (904) 357-3660
     Fax: (904) 357-3662

     Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to Curtis C. Warner, Esq., Warner Law Firm, LLC, Millennium Park Plaza, 15 N. Michigan Avenue, Suite 560, Chicago, IL 60601, and Alexander H. Burke, Esq., Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, IL 60601, on this 14th day of January, 2011.

                                        _____
                                                   Attorney

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually
and on behalf of a class,

CASE NO. 1:10-cv-06501

     Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

     Defendant.

_____/

## DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's Second Request for Production of Documents, and states:

### GENERAL OBJECTIONS

1.    ERC will produce any documents not otherwise objected to in its possession, custody or control, if any, subject to the limitations set forth below.

2.    ERC objects to the Second Request for Production (including the accompanying definitions and instructions) to the extent the Second Request for Production calls for information or documents which were prepared for or in anticipation of litigation, constitute attorney-work product or contain attorney-client communications, or are otherwise privileged.

3.     ERC objects to Plaintiff's instructions to the extent that these instructions direct or require actions which are beyond the scope of the specific provisions of the Federal Rules of Civil Procedure.

4.     ERC expects to produce any responsive documents in either paper form or electronic form.   As outlined below, certain electronically stored information is not reasonably accessible due to undue burden or cost within the meaning of Rule 26(b)(2)(B).

5.     ERC reserves the right to supplement, amend or correct all or any part of its Responses provided herein, as may be appropriate as discovery goes forward in this case.

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## DOCUMENT PRODUCTION REQUESTS

1.     All documents that support or refute any of your affirmative defenses.

**RESPONSE**:

ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The request improperly asks ERC to speculate on what documents support or refute issues in the case. Further, discovery and ERC's investigation is ongoing and any and all such responsive documents have not been indentified at this stage. Also, certain account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of

2

number or whether the number was provided to the original creditor or ERC or located elsewhere. Further, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number. In addition, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the states and area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive documents. Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.

Dated this 14th day of January, 2011.

BRONSON & KAHN LLC

By: /s/ David A. Shapiro
David A. Shapiro
150 N. Wacker Drive, Suite 1400
Chicago, IL 60606
Dshapiro@bronsonkahn.com
Tel: (312) 553-1700
Fax: (312) 676-3821

- and -

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By: _____

Peter E. Nicandri
Florida Bar No. 0823090
pnicandri@milamhoward.com
14 East Bay Street
Jacksonville, Florida 32202
Tel:  (904) 357-3660
Fax: (904) 357-3662

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to Curtis C. Warner, Esq., Warner Law Firm, LLC, Millennium Park Plaza, 15 N. Michigan Avenue, Suite 560, Chicago, IL  60601, and Alexander H. Burke, Esq., Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, IL  60601, on this 14th day of January, 2011.

_____
Attorney

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually
and on behalf of a class,

CASE NO. 1:10-cv-06501

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

    Defendant.
_____/

## DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's First Set of Interrogatories, and states:

### GENERAL OBJECTIONS

1.    ERC reserves the right to supplement, amend or correct any part of its responses, as discovery in this case is ongoing, and the right to object to the admissibility as evidence of all or any part of these responses and any information contained in these responses.

2.    ERC objects to Plaintiff's First Set of Interrogatories to the extent they call for information obtained or references to documents which were prepared in anticipation of

litigation or otherwise constitute attorney-work product, or contain attorney-client communications, or are otherwise privileged.

3.      ERC objects to Plaintiff's instructions and definitions to the extent that these instructions or definitions direct or require actions which are beyond the scope or requirements of the specific provisions of the Federal Rules of Civil Procedure.

4.      ERC reserves the right to supplement, amend or correct all or any part of its Responses provided herein, as may be appropriate as discovery goes forward in this case

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## RESPONSES TO INTERROGATORIES

1.      For a time period of October 12, 2006 to October 12, 2010, please identify and state each number for all cellular telephone calls to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number.  ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost.  There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or

2

whether the number was provided to the original creditor or ERC, or located elsewhere. In addition, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number as a contact number. Further, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive information and documents.

2. For a time period from October 12, 2006 to October 12, 2010, please identify all cellular telephone numbers corresponding to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number where the telephone call placed by a machine, not a human hand dialing the telephone number.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. Also, there is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of

number or whether the number was provided to the original creditor or ERC, or located elsewhere. Further, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive information and documents.

3.     For a time period from October 12, 2006 to October 12, 2010, please state the number of all cellular telephone numbers corresponding to either an Illinois, Indiana, or Wisconsin area code where Defendant's records indicate that the telephone number called was the wrong number where the telephone call was placed by a machine, not a human hand dialing the telephone number.

**ANSWER:**

ERC objects to this request on the basis that it is vague, overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. This interrogatory appears virtually identical to the prior interrogatory. Moreover, it is not clear if Plaintiff is seeking numbers where ERC called the number when its records already showed that it was a wrong number. ERC does not dial numbers if its records show that it is a wrong number. Further, account information is electronically stored and is not reasonably accessible due to undue burden or cost. Also, there is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC, or located elsewhere. Further, ERC archives records older than two years and significant and

4

expensive additional information technology support is required to access all records. ERC

likely attempted to collect tens of thousands of accounts in the area codes at issue over the

requested four year period which will take an account by account review of records to

identify and determine responsive documents.

3.    [SIC] Please state all facts that support Defendant's Third Affirmative
Defense asserted in respond to the Complaint and describe the process in detail how
Defendant arrived at each fact.

**ANSWER:**

ERC objects to this interrogatory to the extent it is overbroad and unduly

burdensome and seeks information that is not relevant or reasonably calculated to lead to

the discovery of admissible evidence. Without waiving this objection, ERC has noted in

response to prior interrogatory numbers 1 and 2 (and other similar interrogatories from

Plaintiff Soppet) that there are enormous challenges in accessing, obtaining and reviewing

all needed records to determine whether someone is even part of the proposed class as

defined. ERC incorporates its objections and responses to these prior interrogatories. These

challenges show that a class action is not appropriate as mini-trials will be necessary to

evaluate account information. Pertinent records bearing on the issue of consent can be

diverse and located in a variety of places, including ERC's records, and consent is an

individualized factual determination under the law. Discovery is ongoing and ERC will

supplement as appropriate.

## CERTIFICATION

I, Ginny Walker, as Director of Compliance and Administration, on behalf of Enhanced

Recovery Company, LLC, who is authorized to appear on behalf of the company, hereby

swear and affirm that I have read the foregoing answers to Interrogatories, and that the

answers are true and complete based on my own personal knowledge.

ENHANCED RECOVERY COMPANY, LLC


By: _____

Ginny Walker
Director of Compliance and Administration


## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF DUVAL


The foregoing certification was acknowledged before me this 14th day of January, 2011,
by Ginny Walker on behalf of Enhanced Recovery Company, LLC [✓] who is personally
known to me or [ ] who produced _Ginny L. Walker_ as identification and did/did
not take an oath.


_____

Notary Public, State of Florida
Print Name:
My Commission Expires:

TAMMI MARIE HATFIELD
MY COMMISSION # DD 922206
EXPIRES: January 2, 2014
Bonded Thru Notary Public Underwriters

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIDY TANG, individually
and on behalf of a class,

      Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

      Defendant.
_____/

CASE NO. 1:10-cv-06501

### DEFENDANT ENHANCED RECOVERY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned counsel, serves this Response to Plaintiff's First Request for Production of Documents, and states:

### GENERAL OBJECTIONS

1.    ERC will produce any documents not otherwise objected to in its possession, custody or control, if any, subject to the limitations set forth below.

2.    ERC objects to the First Request for Production (including the accompanying definitions and instructions) to the extent the First Request for Production calls for information or documents which were prepared for or in anticipation of litigation, constitute attorney-work product or contain attorney-client communications, or are otherwise privileged.

3.     ERC objects to Plaintiff's definitions and instructions to the extent that these instructions direct or require actions which are beyond the scope of the specific provisions of the Federal Rules of Civil Procedure.

4.     ERC expects to produce any responsive documents in either paper form or electronic form.   As outlined below, certain electronically stored information is not reasonably accessible due to undue burden or cost within the meaning of Rule 26(b)(2)(B).

5.     ERC reserves the right to supplement, amend or correct all or any part of its Responses provided herein, as may be appropriate as discovery goes forward in this case.

Without waiving any of the foregoing objections, ERC responds specifically as follows:

## RESPONSES TO DOCUMENT PRODUCTION REQUESTS

1.     All documents relating to Plaintiff, or which are index, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

**RESPONSE:**

ERC will produce any available responsive documents at a mutually convenient time and place.

2.     All documents relating to the account Defendant was attempting to collect as described in paragraph 12 of the Complaint with the reference number 21430910.

**RESPONSE:**

ERC will produce any available responsive documents at a mutually convenient

time and place.

3.     All documents that were relied upon by Defendant in asserting its Third Affirmative Defense. (Doc. 14, p. 11).

**RESPONSE**:

ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Discovery and ERC's investigation is ongoing and any and all such responsive documents have not been indentified at this stage. Further, certain account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC or located elsewhere. Further, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number. In addition, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the states and area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive documents. Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.

4.     All documents reviewed or relied upon by Defendant or its agents, independent contractors, employees, or attorneys, in answering the Interrogatories above.

**RESPONSE**:

ERC objects to this request on the basis that it is overbroad and unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Discovery and ERC's investigation is ongoing and any and all such responsive documents have not been indentified at this stage. Further, certain account information is electronically stored and is not reasonably accessible due to undue burden or cost. There is no computerized method or process for confirming without any question whether a particular number is a cellular telephone number or another type of number or whether the number was provided to the original creditor or ERC or located elsewhere. Further, ERC's records do not include all records of the original creditor that will or may provide evidence that the debtor provided a cellular telephone number. In addition, ERC archives records older than two years and significant and expensive additional information technology support is required to access all records. ERC likely attempted to collect tens of thousands of accounts in the states and area codes at issue over the requested four year period which will take an account by account review of records to identify and determine responsive documents. Without waiving these objections, ERC will produce documents believed to be responsive at a mutually convenient time and place.

Dated this 14th day of January, 2011.

BRONSON & KAHN LLC


By:_____/s/ David A. Shapiro_____
David A. Shapiro
150 N. Wacker Drive, Suite 1400
Chicago, IL 60606
Dshapiro@bronsonkahn.com
Tel: (312) 553-1700
Fax: (312) 676-3821


- and -

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By:
Peter E. Nicandri
Florida Bar No. 0823090
pnicandri@milamhoward.com
14 East Bay Street
Jacksonville, Florida 32202
Tel: (904) 357-3660
Fax: (904) 357-3662

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to Curtis C. Warner, Esq., Warner Law Firm, LLC, Millennium Park Plaza, 15 N. Michigan Avenue, Suite 560, Chicago, IL 60601, and Alexander H. Burke, Esq., Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, IL 60601, on this 14th day of January, 2011.

Attorney

5