**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERESA SOPPET and LOIDY TANG,** | ) | |
| **individually and on behalf of a class,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Kennelly** |
| | ) | |
| **-vs-** | ) | **Case No. 10 C 5469** |
| | ) | |
| **ENHANCED RECOVERY COMPANY,** | ) | **Magistrate Judge Denlow** |
| **LLC, as successor to ENHANCED** | ) | |
| **RECOVERY CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE**
**ALTERNATIVE, FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Defendant, Enhanced Recovery Company, LLC ("ERC"), hereby moves for reconsideration of this Court's ruling that the company did not have consent to place calls to the plaintiffs' cellular telephone numbers or, in the alternative, for certification of an interlocutory appeal on this issue under 28 U.S.C. § 1292(b). In support thereof, ERC states as follows:

1.      Recognizing that motions for reconsideration are generally disfavored, ERC is compelled to request this Honorable Court reconsider its August 21, 2011 Order. Alternatively, ERC requests the consent issue raised in its Motion for Summary Judgment be certified for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2.      This case is a putative class action in which plaintiffs allege ERC called them on their cellular telephones without prior express consent through the use of an

automatic telephone dialing system, or artificial or prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.    ERC established the company had consent to call the cellular numbers for Dupree Riley and Sherita Morgan, the previous owners of the numbers and the intended recipients of the calls.

4.    In denying ERC's summary judgment motion, however, this Court concluded plaintiffs were the "called parties" and there was no evidence that ERC had *plaintiffs' consent* to call the cellular numbers. *See* Order [doc. 69], p. 3. In its Order, the Court does *not* explain how the consent provided by Dupree Riley and Sherita Morgan, which is tied to the cellular telephone numbers called, was revoked. *Id.*

5.    As articulated in the accompanying memorandum of law, this Court's conclusion that ERC did not have consent was a clear mistake of law, and made contrary to the applicable regulations enacted by the Federal Communications Commission ("FCC"), which has rule making authority for implementing regulations under the TCPA.

6.    The Hobbs Act does not permit a district court to disregard the FCC's orders, and it was therefore manifest error for this Court to disregard the consent provided by the debtors in denying ERC's Motion for Summary Judgment.

7.    Alternatively, ERC requests the Court conclude that the issue of consent raised in ERC's summary judgment motion "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

8.     In support thereof, ERC submits the accompanying memorandum of law.

WHEREFORE, defendant, Enhanced Recovery Company, LLC, respectfully requests this Honorable Court reconsider its Order of August 21, 2011, and grant the company summary judgment.   In the alternative, ERC requests the Court certify the following question for interlocutory review under 28 U.S.C. § 1292(b):

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is an autodialed debt collection call to a consumer at the cell phone number the consumer provided the creditor made without consent if someone other than the consumer owns the cell phone number at the time of the call?

Respectfully submitted,

/s/ James K. Schultz
Attorney for Enhanced Recovery Company,
LLC, f/k/a Enhanced Recovery Corporation

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 Enhanced Monroe Street, Suite 1120
Chicago, IL  60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for Enhanced Recovery
Company, LLC, f/k/a Enhanced Recovery Corporation

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of September 2011 a copy of the foregoing **Defendant's Motion for Reconsideration or, in the Alternative, for Certification under 28 U.S.C. § 1292(b)** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiffs' counsel, as described below. Parties may access this filing through the Court's system.

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: 312-729-5288
Facsimile: 312-729-5289
aburke@burkelawllc.com

Curtis Charles Warner
WARNER LAW FIRM, LLC
155 N. Michigan Ave., Suite 560
Chicago, IL 60601
Telephone: 312-238-9820
Facsimile: 312-638-9139
cwarner@warnerlawllc.com

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: 312-739-4200
Facsimile: 312-419-0379
courtecl@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
fgreene@edcombs.com

/s/ James K. Schultz
Attorney for Enhanced Recovery Company,
LLC, f/k/a Enhanced Recovery Corporation

\\sfnfs02\prolawdocs\9764\9764-27113\Soppet, Teresa\533726.doc