**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA SOPPET, LOIDY TANG, individually and on behalf of a class, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:10-cv-5469 |
| ENHANCED RECOVERY COMPANY, LLC, as successor to ENHANCED RECOVERY CORPORATION and ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T ILLINOIS, | ) ) ) ) ) ) | Hon. Matthew Kennelly |
| Defendants. | ) ) ) | |

**MOTION OF DEFENDANT ILLINOIS BELL TELEPHONE
COMPANY TO STAY PROCEEDINGS PENDING A DECISION BY THE
JUDICIAL PANEL OF MULTIDISTRICT LITIGATION**

Defendant Illinois Bell Telephone Company d/b/a AT&T Illinois ("AT&T") respectfully moves the Court for a temporary stay of proceedings in this case pending a decision of the Judicial Panel on Multidistrict Litigation ("JPML") on the plaintiffs' motion to transfer and consolidate certain related cases, including this one, for all pretrial proceedings. Counsel for plaintiff Teresa Soppet and for defendant Enhanced Recovery Company, LLC ("ERC") have authorized AT&T to state that their clients do not oppose this motion. Plaintiff Loidy Tang objects to the requested stay.

**INTRODUCTION**

This case is one of four similar putative class actions pending in three different judicial districts throughout the country. In each case, the plaintiff asserts that ERC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, by allegedly using an automatic telephone dialing system to call cellular phones without the called party's consent.

AT&T recently has been added as a defendant to this case. The plaintiffs in these cases seek to represent overlapping putative nationwide classes.

On July 11, 2012, the plaintiffs in this case and two others moved the JPML to transfer all four cases to a single federal district court for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, recommending transfer to this Court. A copy of this motion (without exhibits) is attached as Exhibit A. The defendants do not oppose consolidation, but have recommended transfer to the Middle District of Florida—where ERC is located—and have notified the JPML that this Court already has been assigned two MDL proceedings. Copies of the defendants' filings before the JPML (also sans exhibits) are attached as Exhibit B. The JPML has scheduled a hearing on the ,motion for consolidation and transfer for September 20, 2012.

A stay of proceedings in this case pending the JPML's decision would serve the goal of judicial economy. If the motion for transfer is granted and the cases are sent to this Court, a stay would allow the Court and the parties to proceed with the cases on the same track. If the cases are sent elsewhere, a stay would eliminate the need for the Court and the parties to expend resources addressing issues that will ultimately be resolved by the transferee court. Accordingly, AT&T seeks a stay of all proceedings in this action pending the JPML's ruling.[1]

## ARGUMENT

The fact that the JPML is poised to decide whether to consolidate this action with other actions—resulting in either a transfer to this Court or another one—warrants a brief stay of

---

[1] Counsel for AT&T understands that on July 12, 2012—before AT&T was made a party to this lawsuit—the Court denied an oral request by plaintiffs for a stay of proceedings pending the JPML's decision so that the existing parties could continue to engage in discovery. AT&T respectfully submits that a stay now makes sense; the JPML's hearing is only three weeks away, and as a result of that hearing this case may be transferred to another federal court. And because AT&T has not yet responded to the complaint, a stay would not disrupt its discovery obligations. We respectfully suggest that there is little reason to require AT&T to file a dispositive motion in this Court when there is a significant possibility that the motion will have to be rebriefed— potentially in another jurisdiction—after the JPML's impending decision.

further proceedings to await the JPML's decision.

This Court has broad discretion and authority to stay proceedings before it. Such power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N Am. Co.*, 299 U.S. 248, 254 (1936); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (same). As the Seventh Circuit has explained, "considerations of judicial economy, especially the need to avoid piecemeal litigation, strongly favor[]" a stay that serves efficiency, as it is "clearly within the sound discretion of the trial court" to enter a stay that "permit[s] the district court to manage its time effectively" while also "protect[ing] the substantial rights of the parties." *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 685-86 (7th Cir. 1987).

Federal courts within this district and others throughout the country have held that it is appropriate to stay pretrial proceedings while a motion to transfer is pending before the JPML, both to conserve judicial resources and to avoid prejudice to the parties. *See, e.g., Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *2 (N.D. Ill. July 27, 2009) (granting motion to stay pending JPML decision); *Smith v. Merck & Co., Inc.*, 2006 WL 3842190, at *1 (S.D. Ill. Dec. 29, 2006) (same); *Walker v. Merck & Co.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same); *Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002) (same); *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1049923, at *2 (N.D. Ill. Nov. 12, 1999) (same). Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting motion to stay proceedings

pending resolution of transfer motion before the JPML); *see also Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (citing *Rivers*).

In considering a request for a stay based on a pending JPML motion, courts typically examine three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011); *see also Landis*, 299 U.S. at 254. Here, all three factors weigh in favor of a stay.

### A. A Stay Will Not Prejudice The Plaintiff.

The consent to this motion by one of the two named plaintiffs underscores that they too would benefit from the efficiencies achieved by a stay of further proceedings pending the JPML's decision. Specifically, if the cases are consolidated elsewhere, plaintiffs would be spared the costs of potentially duplicative motions practice and discovery that may be repeated in the transferee court. And if the cases are consolidated here, a stay would permit the plaintiffs to tackle the overlapping issues in a coordinated rather than piecemeal way, thus saving time and resources. Moreover, because AT&T is requesting only a temporary stay pending a decision by the JPML—which likely will be coming in short order—any delay of proceedings will be brief. Indeed, where (as here) no time-sensitive issues would be postponed by a stay, courts have repeatedly rejected the notion that a plaintiff would be prejudiced by awaiting a ruling of the JPML. *See, e.g.*, *Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (finding that "potential prejudice to Plaintiff is minimal"); *Conner v. AT&T*, 2006 WL 1817094, at *4 (E.D. Cal. June 30, 2006) ("The prejudice to Plaintiffs does not outweigh the judicial economy interests described above and the potential prejudice to Defendants.").

**B.    A Stay Will Simplify The Issues And Promote Judicial Economy.**

In all four cases that are the subject of the plaintiffs' motion to transfer, the plaintiffs assert that the defendant or defendants violated the TCPA by allegedly using an automatic telephone dialing system to call cellular phones without the called party's consent. Piecemeal litigation of the similar factual and legal issues presented by these cases would drain judicial resources without any apparent benefit. *See, e.g.*, *In re Air W. Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) (explaining that MDL treatment is appropriate "when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events").

Moreover, proceeding with further litigation would create a substantial likelihood of inconsistent pretrial rulings, particularly on critical questions such as class-wide discovery and class certification itself (should the case reach that stage). *See, e.g.*, *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues."). Accordingly, entry of a stay pending the JPML's decision will prevent this Court from having to preside over discovery and pretrial proceedings that will likely either be conducted anew by the transferee court if the cases are sent elsewhere and in overlapping fashion by this Court if the cases are consolidated here but are in different postures. *See Rivers*, 980 F. Supp. at 1360. As one federal court put it, "there is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court." *Fuller*, 2009 WL 2390358, at *2.

For these reasons, a stay is necessary and appropriate to promote the efficient use of judicial resources.

**C.** **A Stay Will Reduce The Burdens On The Parties And The Court.**

Absent a stay, AT&T (as well as the other parties) will face the burden of costly and duplicative discovery and motions practice in multiple jurisdictions, and this Court will be forced to expend resources presiding over that discovery and deciding those motions—which the JPML's actions may make a wasted effort. If the cases are sent elsewhere, the Court would have wasted its time presiding over discovery and other pretrial proceedings and motions practice. And if the cases are consolidated in this District, the resulting coordinated set of cases will necessarily present a different picture to the Court than the existing litigation as it currently stands. Resolving those differences will serve only to burden this Court further.

## CONCLUSION

This action should be stayed pending the decision by the JPML on the plaintiffs' petition to transfer this action.

Dated: August 29, 2012

Respectfully submitted,

 /s Archis A. Parasharami
Archis A. Parasharami
Kevin Ranlett (*pro hac vice*)
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC  20006-1101
Tel: (202) 263-3000
Fax: (202) 263-3300
Email: aparasharami@mayerbrown.com;
kranlett@mayerbrown.com

*Attorneys for Defendant Illinois Bell Telephone Company d/b/a AT&T Illinois*

# EXHIBIT A

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

---

IN RE: ENHANCED RECOVERY COMPANY, LLC
TELEPHONE CONSUMER PROTECTION
ACT LITIGATION                                          MDL No. _____

---

**MOTION OF CERTAIN PLAINTIFFS FOR TRANSFER OF ACTIONS TO**
**THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407**
**FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Teresa Soppet, Loidy Tang, Latasha Blake, and James Kubat

("Movants") by and through their undersigned attorneys, respectfully move this Panel, pursuant

to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, for an Order transferring the three non-Illinois putative class actions listed in the

accompanying schedule of actions to the United States District Court for the Northern District of

Illinois for consolidation for all pretrial proceedings with *Soppet and Tang v. Enhanced*

*Recovery Company, LLC, as successor to Enhanced Recovery Corporation*, 10 CV 5469 (N.D.

Ill) (Kennelly J.) ("*Soppet*").

In support of this Motion, Movants state as follows:

1.      This motion involves four putative class actions pending in three different

federal districts courts against Defendant Enhanced Recovery Company, LLC ("ERC").

2.      In each class action, the plaintiffs claim that ERC violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), by calling, without prior express

consent, the plaintiffs' and putative class members' cellular telephones using an automatic

telephone dialing system or an artificial or prerecorded voice.

      3.      In each class action, the plaintiffs seek certification of a nationwide class.

      4.      In each class action, the plaintiffs seek similar types of relief, including statutory damages, injunctive relief, and costs of suit.

      5.      The Northern District of Illinois is the most appropriate transferee district because *Soppet* was the first filed action and the case which has progressed the farthest. In a case of first impression, the district court's denial of ERC's motion for summary judgment was recently affirmed in an interlocutory appeal by the Seventh Circuit. *Soppet v. Enhanced Recovery Company, LLC*, 11-3819, 2012 U.S. App. LEXIS 10897 (7th Cir. May 25, 2012). The Northern District of Illinois is also the most convenient location; and the plaintiffs in the Illinois and California actions, and one of the Florida actions (*Blake*), favor having the non-Illinois cases transferred to the Northern District of Illinois.

      WHEREFORE, for the foregoing reasons, and for the reasons more fully set forth in the accompanying Memorandum of Law, Movants respectfully move this Panel, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order transferring the three putative class actions listed in the accompanying schedule to the United States District Court for the Northern District of Illinois for consolidation for all pretrial proceedings with *Soppet and Tang v. Enhanced Recovery Company, LLC, as successor to Enhanced Recovery Corporation*, 10 CV 5469 (N.D. Ill).

2

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Counsel for Plaintiff Soppet

Curtis C. Warner
WARNER LAW FIRM, LLC
Millenium Park Plaza
155 N. Michigan Ave., Suite 9005
Chicago, IL 60601
(312) 238-9820
(312) 638-9139 (FAX)
cwarner@warnerlawllc.com
Counsel for Plaintiff Tang

Joshua B. Swigart
Robert L. Hyde
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022 (FAX)
josh@westcoastlitigation.com
bob@westcoastlitigation.com
Counsel for Plaintiff Kubat

Patrick S. Sweeney
SWEENEY & SWEENEY, S.C.
440 Science Drive, Suite 101
Madison, WI 53711
(608) 238-4444
(608) 238-8262 (FAX)
patrick@sweenlaw.com
Counsel for Plaintiff Blake

David P. Schafer
Brian J. Trenz
LAW OFFICES OF DAVID SCHAFER
PLLC
7800 West IH-10, Suite 830
San Antonio, TX 78230
(210) 348-0500
david@helpingtexas.com
brian@helpingtexas.com
Counsel for Plaintiff Blake

Darrell Palmer
LAW OFFICES OF DARRELL PALMER
603 North Highway 101, Suite A
Solana Beach, CA 92075
(858) 792-5600
(858) 583-8115 (FAX)
darrell.palmer@palmerlegalteam.com
Counsel for Plaintiff Blake

Joel S. Treuhaft
Kira Rubel
PALM HARBOR LAW GROUP, PA
2997 Alternate 19, Suite B
Palm Harbor, FL 34683
(727) 797-7799
jstreuhaft@yahoo.com
kirarubel@gmail.com
Counsel for Plaintiff Blake

3

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

_____

IN RE: ENHANCED RECOVERY COMPANY, LLC
TELEPHONE CONSUMER PROTECTION
ACT LITIGATION

MDL No. _____

_____

**BRIEF IN SUPPORT OF CERTAIN PLAINTIFFS' MOTION FOR
TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

In further support of the motion of Plaintiffs Teresa Soppet, Loidy Tang, Latasha

Blake, and James Kubat ("Movants") to transfer certain actions for consolidated pretrial

proceedings, Movants state as follow:

I.     **STANDARDS FOR TRANSFER PURSUANT TO SECTION 1407**

Section 1407(a) provides in relevant part:

> When civil actions involving one or more common questions of
> fact are pending in different districts, such actions may be
> transferred to any district for coordinated or consolidated pretrial
> proceedings. Such transfers shall be made by the judicial panel on
> multidistrict litigation authorized by this section upon its
> determination that transfers for such proceedings will be for the
> convenience of parties and witnesses and will promote the just and
> efficient conduct of such actions.

28 U.S.C. § 1407(a). This Panel is authorized by § 1407(a) to centralize multi-district litigation

where: (1) actions involve one or more common questions of fact; (2) transfer of the actions will

serve the convenience of the parties and potential witnesses; and (3) transfer will promote

efficient conduct of the actions.  28 U.S.C.§ 1407(a).  As set forth below, each of these factors

weigh heavily in favor of transfer to the Northern District of Illinois for consolidated pretrial

1

proceedings.

## II.   CONSOLIDATION IS APPROPRIATE

These proceedings present the classic predicate for consolidation pursuant to 28

U.S.C. § 1407 ("Section 1407"). To date four putative class actions have been filed against

Defendant Enhanced Recovery Company, LLC ("ERC") with virtually identical claims and

facts: *Soppet and Tang v. Enhanced Recovery Company, LLC*, 10 CV 5469 (N.D. Ill.); *Blake v.*

*Enhanced Recovery Company, LLC*, 11 CV 1178 (M.D. Fla.); *Kubat v. Enhanced Recovery*

*Company, LLC*, 2012 CV 435 (S.D. Cal.); *Drinning-Duffee v. Enhanced Recovery Company,*

*LLC*, 12 CV 0697 (M.D. Fla.).

In each of the four cases, the plaintiffs claim that ERC violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), by calling, without prior express

consent, the plaintiffs' and putative class members' cellular telephones using an automatic

telephone dialing system or an artificial or prerecorded voice. In each case, the plaintiffs seek to

represent a nationwide class and the classes significantly overlap. In each case, the plaintiffs

seek similar types of relief, including statutory damages, injunctive relief, and costs of suit. In

one case, *Soppet*, the plaintiffs are also seeking to name Illinois Bell Telephone Company d/b/a

AT&T Illinois as an additional party.

The four class actions pending against ERC involve common questions of fact. In

each, the plaintiffs allege that ERC called his or her cellular telephone without prior express

consent and that ERC placed the call using either an automatic telephone dialing system or an

artificial or prerecorded voice. *See Soppet* Complaint ¶¶ 9-48; *Blake* Complaint ¶ 11-25; *Kubat*

Complaint ¶¶ 8-20; *Drinning-Duffee* Complaint ¶¶ 8-15.

2

This panel recently ordered the transfer of basically identical cases for coordinated or consolidated pretrial proceedings in cases against two different defendants who, as here, were sued for violations of the TCPA resulting from calling, without prior express consent, the plaintiffs' and putative class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice: *In re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation* (MDL No. 2295, Document 32) and *In re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation* (MDL No. 2286, Document 62). As in those cases, this Panel should find that all the actions involve common questions of fact.

## III.   TRANSFER OF THE ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS IS APPROPRIATE

Transfer of the three actions pending outside of Illinois to the Northern District of Illinois will promote justice and efficiency. *Soppet*, currently pending in the Northern District of Illinois, was the earliest filed case and has progressed the farthest.

*Soppet* was filed on August 30, 2010. In contrast, *Blake* was filed almost eight months later on April 18, 2011. *Kubat* was filed on February 17, 2012 and *Drinning-Duffee* on June 15, 2012.

In *Soppet*, ERC moved for summary judgment after the parties had completed all or virtually all merits discovery. In a case of first impression, the district court's denial of ERC's motion for summary judgment was recently affirmed in an interlocutory appeal by the Seventh Circuit. *Soppet v. Enhanced Recovery Company, LLC*, 11-3819, 2012 U.S. App. LEXIS 10897 (7th Cir. May 25, 2012).

In contrast, in *Drinning-Duffee*, ERC has just recently appeared and filed an

3

answer (Civil Docket for Drinning-Duffee); and in *Kubat*, an answer has been filed but a Fed. R. Civ. P 16 conference has not occurred (Civil Docket for *Kubat*). In *Blake*, the parties are taking discovery and the fact discovery deadline is not until November 19, 2012. Plaintiff's class certification motion appears to be fully briefed. (Civil Docket for *Blake*.)

In *Soppet*, the Seventh Circuit's holding – that the debtor's prior express consent to receive autodialed calls to his or her cell phone cannot be imputed to the current assignee of the phone number – disposed of a critical legal issue. All that remains in the case is class-related discovery, the plaintiffs' motions for class certification and summary judgment.

Transfer of the three class actions to the Northern District of Illinois will serve the convenience of the parties and potential witnesses. The three plaintiffs in *Blake* and *Drinning-Duffee* are residents of Texas; the plaintiff in *Kubat* is a resident of California. Soppet and Tang reside in Illinois. Chicago is in the middle of the country and easily accessible by air for parties and witnesses from California, Texas, and Florida. In contrast, Jacksonville, where the *Blake* and *Drinning-Duffee* cases are pending, is far less convenient to get to for attorneys in Texas, California, and Illinois. The plaintiffs in *Soppet*, *Blake*, and *Kubat* all request that the consolidated case be in the Northern District of Illinois.

In *Soppet* and *Blake*, ERC is represented by the law firm of Sessions, Fishman, Nathan & Israel, LLP, a firm based in Metairie, Louisiana. James Schultz, who is in the Sessions' firm Chicago office, is representing ERC in both *Soppet* and *Blake*.

## III.  CONCLUSION

For the foregoing reasons, and those set forth in Movants' motion, Movants respectfully urge this Panel to enter an order transferring *Blake*, *Kubat*, and *Drinning-Duffee* to

4

the United States District Court for the Northern District of Illinois and consolidating these

actions for all pretrial proceedings with *Soppet and Tang v. Enhanced Recovery Company, LLC,*

*as successor to Enhanced Recovery Corporation*, 10 CV 5469 (N.D. Ill).

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Counsel for Plaintiff Soppet

Curtis C. Warner
WARNER LAW FIRM, LLC
Millenium Park Plaza
155 N. Michigan Ave., Suite 9005
Chicago, IL 60601
(312) 238-9820
(312) 638-9139 (FAX)
cwarner@warnerlawllc.com
Counsel for Plaintiff Tang

Joshua B. Swigart
Robert L. Hyde
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619 297-1022 (FAX)
josh@westcoastlitigation.com
bob@westcoastlitigation.com
Counsel for Plaintiff Kubat

Patrick S. Sweeney
SWEENEY & SWEENEY, S.C.
440 Science Drive, Suite 101
Madison, WI 53711
(608) 238-4444
(608) 238-8262 (FAX)
patrick@sweenlaw.com
Counsel for Plaintiff Blake

David P. Schafer
Brian J. Trenz
LAW OFFICES OF DAVID SCHAFER
PLLC
7800 West IH-10, Suite 830
San Antonio, TX 78230
(210) 348-0500
david@helpingtexas.com
brian@helpingtexas.com
Counsel for Plaintiff Blake

Darrell Palmer
LAW OFFICES OF DARRELL PALMER
603 North Highway 101, Suite A
Solana Beach, CA 92075
(858) 792-5600
(858) 583-8115 (FAX)
darrell.palmer@palmerlegalteam.com
Counsel for Plaintiff Blake

5

Joel S. Treuhaft
Kira Rubel
PALM HARBOR LAW GROUP, PA
2997 Alternate 19, Suite B
Palm Harbor, FL 34683
(727) 797-7799
jstreuhaft@yahoo.com
kirarubel@gmail.com
Counsel for Plaintiff Blake

6

# EXHIBIT B

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| IN RE: ENHANCED RECOVERY COMPANY, LLC TELEPHONE CONSUMER PROTECTION ACT LITIGATION | ) ) ) ) | MDL No. 2398 |

*Soppet v. Enhanced Recovery Co., LLC*, No. 1:10-cv-05469 (N.D. Ill.)

**RESPONSE BY ILLINOIS BELL TELEPHONE COMPANY d/b/a/ AT&T ILLINOIS TO
MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR
<u>COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Pursuant to Rule 6.1(c) of the Rules of the Judicial Panel on Multidistrict Litigation

("Panel"), Defendant Illinois Bell Telephone Company d/b/a AT&T Illinois ("AT&T") hereby

submits its response to Motion of Certain Plaintiffs for Transfer of Actions to The Northern

District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial

Proceedings ("Motion"), filed July 11, 2012.

While AT&T denies that plaintiffs properly (a) invoke the district courts' jurisdiction

with respect to AT&T,[1] (b) allege common questions of fact relating to AT&T, or (c) allege

proper causes of action against AT&T, AT&T does not oppose coordination or consolidation of

---

[1]   AT&T expressly reserves (a) any jurisdictional defenses that may be available to it under Rule 12 of the Federal Rules of Civil Procedure, (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure and (c) any other statutory or common law defenses that may be available to it. AT&T further reserves its right to move to dismiss any action on these and any other grounds that may be available to it, at the appropriate time.

pre-trial proceedings in the actions against Enhanced Recovery Company, LLC ("ERC")—only one of which involves AT&T as a defendant.

But unlike the moving plaintiffs, AT&T agrees with ERC's view that the Middle District of Florida is the most appropriate venue for any consolidated action. As ERC explains in its Response, four considerations counsel strongly in favor of venue in that court. *First*, any discovery ordered in these proceedings is likely to focus on staff and documents located in ERC's corporate headquarters, which is located in the Middle District of Florida. *Second*, two of the four cases plaintiffs seek to consolidate are already pending in the Middle District of Florida. *Third*, of the cases sought to be consolidated, *Blake v. Enhanced Recovery Company, LLC*, 11-1178 (M.D. Fla.), is the most far advanced. *Fourth*, the judge who is presiding over the single action in the Northern District of Illinois is comparatively overburdened with MDL proceedings—he has been assigned **two** MDLs already—while the judge in the Middle District of Florida who is presiding over *Blake* has none.

## **CONCLUSION**

The Panel should coordinate or consolidate the actions for pretrial proceedings and transfer them to the Middle District of Florida.

Dated:  August 2, 2012                     Respectfully submitted,


By: /s/ Archis A. Parasharami

Evan M. Tager
Archis A. Parasharami
Kevin S. Ranlett
Mayer Brown LLP
1999 K St. NW
Washington, D.C. 20006
Phone:  (202) 263-3328
Fax:  (202) 263-5328
E-mail:  aparasharami@mayerbrown.com

*Attorneys for Defendant Illinois Bell Telephone Company d/b/a AT&T Illinois*

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE: ENHANCED RECOVERY COMPANY, LLC
TELEPHONE CONSUMER PROTECTION ACT            MDL NO.: 2398
LITIGATION

---

### ENHANCED RECOVERY COMPANY, LLC'S RESPONSE TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

NOW COMES defendant Enhanced Recovery Company, LLC (ERC), by and through undersigned counsel, and pursuant to Rule 6.1(c) of the Rules for Multidistrict Litigation, hereby submits the following brief in response to plaintiffs' motion for transfer of actions for consolidated pretrial proceedings. In shortest form, ERC does not object to the transfer and consolidation of the various lawsuits into a single forum for consolidated pretrial proceedings. However, the superior venue for that consolidation is the Middle District of Florida, and not the Northern District of Illinois.

I.      Introduction

ERC is a collection agency headquartered in Jacksonville, Florida, that operates nationwide to collect debts from consumers. As part of its collection

efforts, ERC sends letters and places telephone calls to consumers attempting to arrange payments. And like most collection agencies, ERC utilizes a dialer to assist in its collection efforts.

In these various putative class actions, plaintiffs allege that the telephony equipment used by ERC is an "automatic telephone dialing system" (ATDS) as defined by the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(a)(1). Plaintiffs further allege that ERC violated the TCPA by (1) calling them, and the putative classes, (2) on their cellular telephones, (3) with an ATDS, or with an "artificial or prerecorded voice," and (4) without consent. Under plaintiffs' theory, each consumer that received a call on their cellular phone without having first provided consent would be entitled to recover $500 <u>for each call</u>, which would be trebled if the alleged violation was found to be willful. *See 47 U.S.C. § 227((b)(3)*. ERC is alleged to have made millions of telephone calls with its dialer during the combined class periods, which run from August 30, 2006 to the present.

In their motion, plaintiffs from 3 different civil actions have moved to transfer and consolidate 4 putative class action lawsuits into a single multidistrict litigation (MDL) proceeding in the Northern District of Illinois. Each lawsuit is brought under the TCPA and based on the same core operative facts related to dialer calls made to cellular telephones allegedly without consent. The 4 actions subject to transfer are:

1. *Soppet and Tang v. Enhanced Recovery Company, LLC*, No. 10-cv-5469 (N.D. Ill.);

2

    2.    *Blake v. Enhanced Recovery Company, LLC*, No. 10-cv-1178 (M.D. Fla.);

    3.    *Kubat v. Enhanced Recovery Company, LLC*, No. 12-cv-435 (S.D. Cal.); and

    4.    *Drinning-Duffee v. Enhanced Recovery Company, LLC*, No. 12-cv-664 (M.D. Fla.).

ERC has also filed a notice of related cases, identifying an additional 5 cases that are related to and possibly subject to a transfer order. *See docket no. 13.*

ERC generally does not object to the transfer of these actions into a single district for pretrial proceedings. However, there are 4 reasons why the proper venue for the consolidated action should be the Middle District of Florida, and not the Northern District of Illinois as claimed by plaintiffs.

<u>First</u>, ERC is located in Jacksonville, Florida, which is in the Middle District of Florida. It would be more convenient for ERC, and the parties to litigate where ERC, its witnesses and its documents are located. Other than the 2 plaintiffs in *Soppet*, there is no connection between the Northern District of Illinois and the claims in these cases.

<u>Second</u>, the *Blake* case, pending in the Middle District of Florida, though not the first filed action, has progressed further than any of the other actions, and is the most advanced.

<u>Third</u>, 2 of the 4 actions subject to the transfer order, *Blake* and *Drinning-Duffee*, are already pending in the Middle District of Florida.

<u>Fourth</u>, considerations of docket congestion weigh against the Northern

3

District of Illinois. *Soppet* is currently pending before Judge Matthew Kennelly in the Northern District of Illinois. Judge Kennelly has advised the parties in *Soppet* that he is currently assigned to 2 other MDL proceedings. Assigning a third MDL to Judge Kennelly in the Northern District of Illinois would be burdensome to that Court.

## II. Consolidation Is Appropriate Because The Civil Actions Involve Common Questions of Fact

28 U.S.C. § 1407 provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.

The transfer of actions is appropriate if such transfer will make the litigation more convenient for the parties and witnesses, and will "promote the just and efficient conduct" of the actions. *Id.* Several factors are generally considered by the Panel when evaluating whether to allow transfer, including (1) the convenience of counsel, (2) the convenience of witnesses, (3) minimizing duplicative discovery, (4) the possibility of conflicting rulings, (5) the number of actions and the pendency of at least 1 action in the proposed transferee district, (6) the progress of discovery, (7) docket conditions, (8) the familiarity of the transferee judge with the issues raised, (9) the availability of judicial resources, (10) the number of actions pending in the district, and (11) the size of the litigation. *See, e.g., In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1230 (9th Cir. 2006).

Here, as the Panel has previously found in similar circumstances, the

4

transfer of TCPA litigation into a single proceeding satisfies the requirements of § 1407. For example, in *In re Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation,* 2011 WL 6740178 (J.P.M.L. 2011), the Panel found that the 5 cases:

> involve common questions of fact, and that centralization of all actions in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Portfolio violated the federal Telephone Consumer Protection Act by placing debt collection calls to debtors' cell phones using an automated system, without the debtors' consent. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

Nearly identical considerations support centralization here. Like the defendant in the *Portfolio Recovery Associates* litigation, ERC allegedly violated the TCPA by placing debt collection calls to the cellular phones of putative class members without consent and via an automated dialing system. Each of the 4 cases involves common questions of fact regarding these claims, including fundamental questions of whether ERC's telephony equipment was the type of automated system regulated by the TCPA, and whether ERC had consent for making any of the calls. *See also In re Midland Credit Management, Inc. Telephone Consumer Protection Litigation,* 818 F.Supp.2d 1377 (J.P.M.L. 2011) (consolidating 4 separate actions into a single proceeding arising out of defendants' alleged violations of the TCPA by placing debt collection calls to cellular telephone numbers with automated equipment and without consent).

5

Allowing for a single proceeding in an appropriate location will be more convenient for the parties, witnesses, and counsel and will minimize duplicative discovery by streamlining the process—which may involve the production of millions of pages of documents, discovery into ERC's policies and procedures for calling criteria, and multiple depositions. *In re Regions Morgan Keegan Securities, Derivatives and Employee Retirement Income Security Act Litigation*, 598 F.Supp.2d 1379, 1381 (J.P. M.L. 2009) ("Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

A single action will also reduce the risk of conflicting rulings, both on discovery disputes—for example, potential discovery concerning the identity of putative class members—and dispositive legal questions, such as whether ERC's equipment is subject to the TCPA and whether class certification is appropriate. *Id.* See also *In re Teflon Prods. Liab. Litig.*, 416 F.Supp.2d 1364, 1365 (J.P. M.L. 2006) (ordering consolidation of 14 putative class actions into a centralized action when each case shared similar factual allegations related to an alleged defect in the coating on certain cooking products manufactured by defendant because centralization was necessary to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, including those with respect to class certification, and conserve the resources of the parties, their counsel and the judiciary."), and *In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F.Supp. 244, 247 (J.P.M.L. 1978) (transfer is appropriate where necessary to avoid duplicative discovery concerning

6

the same documents and witnesses, and to eliminate the possibility of conflicting pretrial rulings).

Moreover, the MDL Panel has previously stated that the "potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring" actions into a single proceeding. *In re Plumbing Fixtures*, 308 F.Supp. 242, 243-244 (J.P. M.L. 1970). *See also In re Groupon, Inc. Marketing and Sales Practices Litigation*, 787 F.Supp. 2d 1362 (J.P. M.L. 2011) (expressing preference for centralizing competing class actions due to the significant interest in consistency of rulings, "especially with respect to class certification matters."). Here, the 4 actions under consideration are all putative class actions. Each of the 4 putative classes has some degree of overlap, meaning that a single consumer would conceivably fit within the proposed class definition in all 4 actions. The potential for overlapping class actions is strong.

There is an equally strong possibility of conflicts in resolution of the certification issue. In *Blake*, the parties have fully briefed the class certification motion. In the other 3 cases, class certification is not yet at issue. However, because the certification question would potentially be raised before 4 different judges, it is likely that there would be a conflict created on the propriety of certification. The transfer of these cases to the Middle District of Florida will eliminate the possibility of conflicting certification decisions, and minimize the potential for overlapping class actions.

III.    The Superior Transferee Venue Is The Middle District of Florida

As shown above, and as agreed to by the parties, these actions are appropriate for transfer and consolidation.  Here, the majority of pertinent factors weigh in favor of transferring these actions to the Middle District of Florida.

First, the corporate headquarters of the sole defendant is in the Middle District of Florida.  Second, 2 of the 4 cases to be consolidated are already in that district.  Third, the most advanced case, *Blake v. ERC,* is pending in the district.  Fourth, the burden of MDL proceedings would weigh far less heavily on Judge Dalton (M.D. Fla.), who is not currently presiding over any MDL proceedings, as compared to Judge Kennelly (N.D. Ill.), who has commented that he is already handling 2 MDL proceedings.

A.    ERC's Corporate Headquarters Is In the Middle District of Florida

An important consideration in determining the proper venue for a consolidated action is the location of the corporate defendant.  For example, in *In re Pfizer Inc. Securities, Derivatives & ERISA Litigation,* 374 F.Supp.2d 1348, 1350 (J.P. M.L. 2005), the Panel concluded that transfer to the Southern District of New York was appropriate because the defendant had its headquarters located there.  The fact that defendant was located in the district also supported transfer to this district because it was likely that relevant witnesses and documents would be located there as well. *Id.*

In this case, ERC's corporate headquarters is located in Jacksonville, within the Middle District of Florida.    There is a strong Florida nexus with this

8

consolidated litigation. Moreover, to the extent that ERC is required to produce witnesses, or produce voluminous discovery related to the identification of putative class members, many of those witnesses and documents are located in the Middle District of Florida. *See also In re American Airlines, Inc. Privacy Litigation*, 342 F.Supp.2d 1355, 1357 (J.P. M.L. 2004) (location of defendant's headquarters, which was also the location where significant discovery was likely to be conducted and location of documents, was significant factor in determining appropriate transferee district); *In re Cessna 208 Series Aircraft Products Liability Litigation,* 408 F.Supp. 2d 1349, 1350 (J.P. M.L. 2005) (appropriate transferee district was the location of the defendant's headquarters); and *In re Food Fair Securities Litigation*, 465 F.Supp. 1301, 1306 (J.P. M.L. 1979) (physical location of documents in district was a critical factor in selecting transferee district).

### B. 2 Of The 4 Cases To Be Transferred Are Already In The Middle District of Florida

Another factor supporting transfer to the Middle District of Florida is that 2 of the 4 actions subject to transfer are already pending in this district. In *In re Wells Fargo Mortgage Lending Practices Litigation*, 545 F.Supp.2d 1371, 1372 (J.P. M.L. 2008), the Panel concluded that the proper transferee district was the location where 3 of the 5 actions subject to transfer were pending.

In this action, 2 of the 4 cases subject to transfer, *Blake v. ERC* and *Drinning-Duffee v. ERC*, are already pending in the Middle District of Florida. The transfer of the 2 outlying actions to the Middle District of Florida will be more

efficient than transferring two actions away to another district.

C.    The Most Advanced Case Is Pending in the Middle District of Florida

In deciding the appropriate transferee district, the Panel will frequently consolidate the actions in the district where the most advanced case is pending.  For example, in *In re Park West Galleries, Inc. Marketing and Sales Practice Litigation*, 645 F.Supp.2d 1358, 1360 (J.P.M.L. 2009), the Panel ordered consolidation in the district with the case that was "measurably more advanced" than the other cases subject to transfer.

Here, *Blake v. ERC* has progressed further than any of the other cases, even though it was not filed first.[1]   In the 20 months since *Blake* was filed, a comprehensive discovery plan has been established, including a schedule for the disclosure of expert witnesses, the completion of discovery and the deadline to complete mediation—and the motion for class certification has been fully briefed.  By contrast, *Soppet* does not have an extensive scheduling order in place, and briefing on plaintiffs' motion for class certification will not commence until November 2012.  Discovery will be closing in *Blake* prior to the class certification motion in *Soppet* being briefed.  And the fact that a new defendant (Illinois Bell Telephone Co. d/b/a AT&T Illinois) was just added to the *Soppet* lawsuit in mid-July makes it likely that *Soppet* will be further delayed while the Court resolves any response that AT&T may make to the complaint by way of motion.

---

[1] *Soppet v. ERC* was filed on August 30, 2010.  *Blake v. ERC* was filed less than 4 months later, on December 23, 2010.

10

*Kubat v. ERC* and *Drinning-Duffee v. ERC* were both filed in 2012, and there has been no significant progress made in either of those cases. On balance, *Blake v. ERC* has progressed further than any other case, and it makes sense that the other actions be transferred to the district where the most advanced litigation is pending.

This conclusion is further supported when consideration is given to the other factors supporting transfer to the Middle District of Florida, including the headquarters of ERC and the number of cases already pending in the district. The Panel has previously found that if there is a district where there is a significant number of actions pending, combined with an orderly progression of a case within that district, transfer to that district is appropriate. *In re Pet Food Products Liability Litigation*, 499 F.Supp. 2d 1346, 1347 (J.P. M.L. 2007). The Middle District of Florida uniquely meets these criteria. Two of the 4 actions are pending there. The *Blake* case is progressing, with class discovery having been completed, expert disclosures coming due and fact discovery nearly completed.

D.    The Northern District of Illinois Is Overtaxed With MDLs

Plaintiffs have suggested that transfer to the Northern District of Illinois is proper based simply on the fact that *Soppet v ERC* was the first-filed action and that Chicago, Illinois is located near the middle of the country. These factors, standing alone, are insufficient to support transfer to the Northern District of Illinois.

The Panel has previously determined that an otherwise appropriate transferee district is not proper when that district is overtaxed with other MDL

11

proceedings. *In re Gator Corp. Software Trademark & Copyright Litigation*, 259 F.Supp.2d 1378, 1380 (J.P. M.L. 2003).

During a June hearing in *Soppet*, Judge Kennelly noted that (1) MDL proceedings are more burdensome than traditional cases, and (2) two other MDLs have already been assigned to him:

> THE COURT: . . . just so you know, . . . more and more MDLs are happening . . . .
>
> [O]bviously they listen to people about districts. They sometimes listen to people about judges. However, the practice of the [JPML] has always been to spread these things out because they understand they're more burdensome. It is very unusual –
>
> It's somewhat unusual for a judge to have more than one at any given time. It's almost unheard of for any judge to have more than two. I have two . . . . And so I try to disabuse people of illusions that they're going to be able to somehow handpick people. It just doesn't work that way.

Transcript of June 27, 2012 Hearing at 5-6, *Soppet v. Enhanced Recovery Corp.*, No. No. 10-cv-5469 (N.D. Ill.) (attached as Exhibit A). With the availability of the superior venue in the Middle District of Florida, there is no reason to subject Judge Kennelly to the burden of a third MDL. *See In re Hawaiian and Guamanian Cabotage Antitrust Litigation*, 571 F,.Supp.2d 1379, 1380 (J.P. M.L. 2008) (refusing to transfer actions to judge that was already handling 2 pending MDLs).

Moreover, the possible reassignment of the consolidated actions to a different judge in the Northern District of Illinois does not cure this problem. A significant factor in determining an appropriate transferee district is the number of currently pending MDLs in the competing districts. If 1 district has a relatively low number

12

of MDL proceedings, transfer to that district is proper. *In re Trasylol Products Liability Litigation*, 545 F.Supp. 2d 1357, 1358 (J.P. M.L. 2008). There are 4 open MDL actions pending in the Middle District of Florida—and none before the judge presiding over *Blake*. There are 22 MDLs in the Northern District of Illinois. *See MDL Statistics Report – Distribution of Pending MDL Dockets*, attached hereto as Exhibit B.[2] The Middle District of Florida, with a significantly fewer number of MDLs, is less overwhelmed by MDLs than the Northern District of Illinois.

WHEREFORE, based on the foregoing, Enhanced Recovery Company, LLC respectfully requests that the Panel transfer these actions to the Middle District of Florida for consolidated pretrial proceedings.

---

[2] The report is also available on-line at http://www.jpml.uscourts.gov/sites/jpml/files/Pending%20MDL%20Dockets-By District-July-2012.pdf, last visited on August 1, 2012.

13

Respectfully submitted,

James K. Schultz
James K. Schultz
Sessions, Fishman, Nathan & Israel, L.L.C.
55 Enhanced Monroe Street, Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
Sessions, Fishman, Nathan & Israel, L.L.C.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for Defendant,
Enhanced Recovery Company, LLC

14